RAY *v.* RAY.

</div>

1. Where a suit for divorce is pending, application for temporary alimony may be heard and determined by the judge in vacation.
2. On the hearing of an application by the wife for temporary alimony, pending a suit for divorce brought by her against her husband on the ground of cruel treatment, which consisted partly in slanderous reports made by the husband charging the wife with infidelity, it was error to exclude testimony showing that the husband had circulated such reports, and that they had been communicated to the wife.

<div style="text-align:center">

Argued November 18, — Decided December 17, 1898.

</div>

Application for alimony, etc. Before Judge Smith. Telfair superior court. August 1, 1898.

The wife brought a libel for divorce, on the ground of cruel treatment by the defendant in accusing her of having committed adultery. Pending this suit she applied for temporary alimony and counsel fees. She testified that she separated from the de fendant because of this accusation, and that the accusation was made to T. J. Smith, W. L. Smith, John May, and others. She was innocent of the charge, and did not do any act to cause her husband to "think wrong" of her. His first intimation of the matter to her was about November 18, 1897, at which time he told her that a certain person had circulated a slanderous re port on her, but he refused to give the name of the author of the statement. He said he did not believe anything wrong about her, but wanted her to say that the person referred to had insulted her; that Mr. Frizzelle wanted to get a hold on that person any way that would put him in the penitentiary, and if she would say this, he would be willing to spend all he had for her. The separation took place on June 1, 1898. She did not separate from him at first, for the reason that she hoped he

would get over his suspicion of wrong, and that they could live happily together; but this hope was in vain. After she had despaired of a happy union, she left him. She did not separate from him when he made the first accusation, because he was the father of her child, and she did not want the child deprived of the care of its father. She tried for six months to get him to say that he was mistaken in his belief of her unfaithfulness, always telling him, when he charged her with being untrue, that she was innocent, and that he had no reason for accusing her of wrong. She was for six months deprived of the liberty of attending church, though he had a good conveyance. The only time during this period that she attended church, she walked a mile and a half and carried her baby. He failed to provide clothing for the baby, and never bought it as much as $1 worth of clothes. The defendant has not given her anything for the support of herself and their child since the separation. She has no means of support, except fifty acres of wild land, and three head of cattle worth about $21. The land can not be rented for any purpose, and can not readily be sold at any price at this time. She has no means to pay her attorney for his services. Since the separation she has been living at her father's home. She is in possession of the child. She was about seven months and a half advanced in pregnancy at the time of the hearing (July 27, 1898), and expected to be confined the last of August or the first of September. A schedule of the defendant's property, attached to her petition, is correct. According to this schedule he owns land worth $1,300 and other property worth $665. A number of witnesses testified that they were acquainted with the general character of the plaintiff, and that they had heard nothing against it except the charges made against her by the defendant. J. W. May testified that on May 2, 1898, the defendant told him that he believed his wife had been too intimate with a certain man. The person referred to testified that the charge was untrue. Several witnesses testified that the land owned by the plaintiff was very poor, and not worth more than $2 per acre.

The defendant testified that the last time he had sexual intercourse with the plaintiff was October 30, 1897. He never

accused her of adultery to May, T. J. Smith, or W. L. Smith. On or about November, 1897, he went to his wife in a very kind manner and told her that he had been informed that a certain man, whose name he mentioned, had been running after her; that if the report was true he wanted to know it, and he was ready to forgive her and punish the man. He did not try to get her to say that this man had insulted her; he did not mention the name of Frizzelle to her. This was the only time this unpleasant matter was brought up by him. Every time she brought up the subject he told her he did not want to talk about it. He had a horse and buggy, and he told her that at any time she wanted to go to preaching or anywhere else, it was at her command. He provided her and the child with all the necessaries of life up to June 1. Several witnesses testified that he had always treated his wife kindly, and that in the neighborhood in which he resided he bore the reputation of an affectionate husband.

T. J. Smith and W. L. Smith testified, that about January, 1898, the defendant said to them that he believed the plaintiff was too intimate with the man referred to in the charges above mentioned. This was excluded upon the ground that it was hearsay, no evidence showing that what defendant said to the witnesses was ever communicated to plaintiff. The plaintiff offered, in connection with this, her own testimony that W. L. Smith and certain other persons told her that her husband made the above accusations against her; also her testimony that her husband stated to T. J. Smith that the man referred to in these accusations was too intimate with her. The court excluded this testimony, and denied the application of plaintiff.

*E. D. Graham*, for plaintiff.
*Eason & McRae* and *B. M. Frizzelle*, for defendant.

LEWIS, J. 1. It appears from the record in this case, that the judge heard and passed upon the application for temporary alimony in vacation. It does not appear that any objection was made to the hearing in vacation, nor that the judge refused the alimony for want of jurisdiction to grant the same out of term. It is insisted, however, by counsel for defendant in error,

that where a suit for divorce is pending, application for temporary alimony can only be made and heard in term time, and § 2457 of the Civil Code is relied upon to sustain this position. By virtue, however, of the act of 1870, codified in § 2461 of the Civil Code, it is provided that in suits for divorce, the judge presiding may, either in term or vacation, grant alimony. His jurisdiction to pass upon questions of temporary alimony during vacation is recognized by this court in the case of *Bender* v. *Bender*, 98 *Ga.* 717–18.

2. It seems from the record that the main ground relied upon by the wife to justify her separation from her husband was cruelty he had inflicted upon her by circulating reports among his neighbors to the effect that she was untrue to her marital vows, and was guilty of illicit intercourse with another person. It is difficult to conceive of greater cruelty that could be inflicted upon the mind of a virtuous woman than a circulation of such reports. The mental anguish thus occasioned would doubtless be more keenly felt, and would produce more mental pain than could result from personal injuries by physical blows. Unquestionably such cruelty would not only justify a separation, but would sustain an action for total divorce. *Myrick* v. *Myrick*, 67 *Ga.* 771; *Glass* v. *Wynn*, 76 *Ga.* 319. Under § 2460 of the Civil Code, the judge, on applications for temporary alimony, though the merits of the cause are not in issue, may inquire into the cause and circumstances of the separation rendering the alimony necessary. Such an inquiry being made in this case, it was manifestly error to refuse to hear testimony touching the main cause of separation and of the wife's complaint. As to whether or not the husband had circulated the reports against the wife's chastity was necessarily a material question at issue between the parties, and as to whether or not such reports had reached the ears of the wife was likewise material as illustrating her motive, and the bona fides of her conduct in leaving him, for she could not have deserted him for a cause of the existence of which she did not know at the time of the separation. The court heard the denial of the husband as to the charges, but refused to hear counter-proof offered by the wife, not only that he had actually made these charges to dif-

ferent persons, but that they had been communicated to her. The court regarding such testimony as illegal must have passed upon the case on the theory that there was no evidence before him supporting the main cause which tended to justify the separation of the wife from her husband.  We think the error, therefore, in excluding such pertinent and legal testimony requires a reversal of the judgment of the court refusing alimony.

.*Judgment reversed.   All the Justices concurring.*