RAY *v.* RAY.

It is not necessary that a petition by the wife for alimony for the support of the family of her husband dependent upon him, consisting of herself and a minor child, pending a suit for divorce, should be filed during term time. Under section 2461 of the Civil Code,.such a petition can be made to the judge of the court in which the divorce suit is pending, as well as heard by him, in vacation.

Submitted November 10, — Decided December 9, 1899.

Petition for alimony. Before Judge Smith. Telfair county. July 19, 1899.

*E. D. Graham*, for plaintiff.

*B. M. Frizzell* and *Eason & McRae*, for defendant.

Lewis, J. When this case was here before, it was decided that, where a suit for divorce is pending, application for temporary alimony may be heard and determined by the judge in vacation. 106 *Ga.* 260. Since that decision the application for temporary alimony again came on for a hearing before his honor Judge Smith, who, after the introduction of testimony, passed an order refusing to grant the alimony and counsel fees, on the ground that, there being a suit for divorce pending between the parties, the application for temporary alimony should have been filed during term time, and not in vacation. To this order and judgment the plaintiff excepts.

The judge based his ruling upon the provisions of section 2457 of the Civil Code. It will be noted that this section provides only for temporary alimony for the wife when there is an action for divorce pending, or a suit by a wife for permanent alimony. But by the act approved October 28, 1870 (Acts 1870, p. 413), it will be seen that provision is made not simply for the support of the wife pending suits for divorce, but also for the support of the family of the husband dependent upon him, and who as well as the wife have a legal claim upon him for support. The first section of the act is embodied in Civil Code, § 2461. The application for temporary alimony in this case alleges that the applicant has in her custody one girl child aged one year and five months, the issue of her marriage, and that she is several months advanced in pregnancy, the re-

sult of her marriage with the defendant. She prays an order granting to her and her said child temporary alimony pending the suit for divorce, and also her expenses of litigation. She is manifestly proceeding under section 2461 of the Civil Code, not only for her own support, but that of the family of the husband dependent upon him; and hence section 2457 of the Civil Code has no application to the case. The statute under which she is proceeding declares: "In suits for divorce, the judge presiding may, either in term or vacation, grant alimony." It says nothing about when the application should be filed. It manifestly follows that, in the absence of any special provision in the statute requiring such application to be filed during term time, if the judge has power to hear and determine the case in vacation, the application may likewise be presented to him in vacation.

We rest our decision in this case on the law contained in section 2461 of the Civil Code, and do not wish to be understood as holding or intimating that, if the proceeding had been filed for the benefit of the wife alone, this section would not apply. Indeed, we see no good reason to the contrary, and it may be that the right referred to by the words, "at any regular term," in section 2457, was enlarged by the provisions of the act of 1870, as embraced in section 2461, and that, construing these two sections together as they now stand in the code, the latter gives to the wife a cumulative remedy, by allowing her to file the application for temporary alimony, even for the benefit of herself alone, in vacation as well as in term.

*Judgment reversed.    All the Justices concurring.*