## NIPPER *v.* NIPPER.

1. Under the pleadings and evidence, there was no abuse of discretion on the part of the court in awarding temporary alimony and attorney's fees.
2. This case differs from *Vinson* v. *Vinson*, 94 *Ga.* 492. There the wife voluntarily and without cause abandoned the husband and refused to live with him; and the husband was in debt and destitute of property or credit, and, unaided by her, his earnings were small and not more than sufficient to obtain a bare living for himself.
3. A petition for temporary alimony pending a divorce suit or a suit for permanent alimony is in the nature of an ancillary proceeding, and does not require the issuance and service of a new process returnable to another term of court. Upon it the presiding judge issues an order nisi which is served and under which the hearing is had.
4. Where an application for temporary alimony was coupled with an application for a writ of ne exeat, if the prayer suggested a condition for a bond to be required of the defendant which was not in accordance with law, this would not invalidate the application for temporary alimony or cause a reversal of the judgment granting it.
5. The question brought to this court by the bill of exceptions has reference alone to the ruling of the presiding judge in granting alimony and attorney's fees.

Argued June 3,—Decided November 13, 1907.

Temporary alimony. Before Judge Spence. Turner superior court. April 2, 1907.

*J. A. Comer* and *Payton & Hay,* for plaintiff in error.

*Hill & Royal, T. R. Perry,* and *James H. Pate,* contra.

LUMPKIN, J. Bettie Nipper applied to the judge of the superior court for the grant of temporary alimony to be paid by her husband, Henry J. Nipper, alleging that they were living separately and that she had filed a suit for permanent alimony. In addition to praying that alimony be awarded her, she also prayed that process issue requiring the defendant to appear at the next term of the superior court. In the same petition she asked that the writ of ne exeat issue against her husband. On the hearing the presiding judge awarded alimony and attorney's fees to the wife, and the defendant excepted.

While the evidence was conflicting, there was enough to authorize the judgment. Counsel for the plaintiff in error relied on the case of *Vinson* v. *Vinson,* 94 *Ga.* 492; but it differs widely from the one at bar. There the wife voluntarily and without cause abandoned the husband and refused to live with him, leaving him

in debt and destitute of property or credit. Here, according to the evidence on behalf of the plaintiff, she was very badly treated; her husband refused to live with her, and in his defense to the petition sought to justify his conduct by making untrue allegations of the most offensive character. He offered to have her return to him. But the judge doubtless thought that this offer was not bona fide, but was made merely for the purpose of defending the suit; or that, in any event, she would not be required to live with him again after his previous conduct and the nature of his defense to her suit. Under the evidence as to the ability of the husband to earn money, we can not say that the sum awarded evidenced an abuse of discretion.

The petition prayed that a rule nisi issue calling on the defendant to show cause why temporary alimony should not be awarded, and also contained a prayer that process issue requiring the defendant to appear at the next term of the superior court. Objection was taken to this. An application for temporary alimony is a proceeding ancillary to an action for divorce or a suit for permanent alimony. If temporary alimony is awarded, it continues until the final hearing. Such a proceeding is not a separate and independent suit requiring process to be issued calling on the defendant to appear at the next regular term of court. The presiding judge sets the application for a hearing by order, and the defendant is called on to show cause why temporary alimony should not be granted. It was alleged that suit had been brought for permanent alimony. The prayer for process therefore was mere surplusage. But praying for unnecessary process furnishes no reason for denying proper temporary alimony. In the same petition application was made to have the writ of ne exeat issued. There was a prayer that defendant be required to give bond with a condition which appears not to have been that provided by law. The judgment brought before us now by the writ of error is the granting of the temporary alimony and attorney's fees. If there was any mistake in the prayer as to the writ of ne exeat, it in no way affected the question of alimony. Upon a consideration of the case before us, we can not say that there was error.

*Judgment affirmed. All the Justices concur, except Holden, J., not presiding.*