## LUKE *v.* LUKE.

GILBERT, J.   1. There is no merit in the contention that the judgment for temporary alimony and counsel fees was contrary to the law and evidence, because "defendant, in her cross-action for divorce and alimony, alleged that she separated herself from the plaintiff." The allegation in the defendant's answer is, after reciting specific acts of cruelty, to wit: "This conduct on the part of plaintiff grew worse and worse after he became prosperous, and finally became such that she could not stand it any longer; consequently she separated from plaintiff on the 25th day of May, 1921." This allegation does not fall within the rule stated in *Vinson* v. *Vinson,* 94 *Ga.* 492 (19 S. E. 898), where the wife voluntarily and without cause abandoned the husband and refused to live with him. It falls within the ruling made in *Nipper* v. *Nipper,* 129 *Ga.* 450 (59 S. E. 226), and *Sikes* v. *Sikes,* 143 *Ga.* 314 (85 S. E. 193).

2. The assignments of error designated as (*b*), (*c*) and (*d*) are, in substance, that the judgment was not authorized by the evidence. The evidence was conflicting; and the rule is well settled that "this court will not control the discretion of the trial court in allowing temporary alimony, unless it has been flagrantly abused." *Etheridge* v. *Etheridge,* 149 *Ga.* 44 (99 S. E. 37). Under the evidence we cannot say that the sums awarded for temporary alimony and attorney's fees constituted an abuse of discretion.

3. There is no merit in the assignment of error that "the judgment of the court is so confusing, contradictory, and unintelligible that it cannot be legally enforced." The judgment plainly, and without confusion, awards a lump sum of $250 as temporary attorney's fees, and reserves the right to allow additional attorney's fees, to be determined according to all the facts and circumstances of the case; and it as clearly and specifically awards the sum of $65 per month as temporary alimony from December 10, 1921, pending the case; and it recites that, five months having already elapsed from Dec. 10, 1921, it is ordered that the plaintiff pay to the defendant's counsel of record the sum of $325 immediately. The last provision can have no other meaning than that five months, at the time of the hearing and rendition of the judgment,

have elapsed since Dec. 10, 1921, and that the plaintiff is to pay im-- mediately the alimony due for said five months at the rate named in the judgment, that is $65 per month, totalling $325.

4. Several assignments of error are based on the admission in evidence of a deposition, or several portions of a deposition, executed in Charleston, S. C. In each instance the court attached a note to the effect that " at the time the evidence was introduced the objections made by counsel when the depositions were taken were not read to the court." The court stated, that in " considering the case, which he took under advisement on that day, he would read the depositions and such testimony as he considered legal that he would consider in making up his judgment, and such as he considered illegal that he would not consider in making up his judgment. The court at that time did not make any ruling on the objections made to the depositions taken in Charleston, South Carolina, and the objections were not read to the court orally, and no ruling invoked and no other objections were made at that time." Plaintiff in error insists that it was the duty of the court to pass upon each question and on each answer of the witness, given in the deposition, and upon each objection urged to the testimony and the documents referred to." *Held,* that these assignments of error fail to show cause for a reversal of the judgment granting temporary alimony. It will be assumed, from what is said in the judge's note, that counsel waived objection to the procedure outlined by the court. Moreover, on a hearing of this character, especially where the evidence, exclusive of said deposition, was sufficient to authorize the judgment, under the discretion rule stated above, the judgment will not be reversed.

*Judgment affirmed. All the Justices concur.*
No. 3315. JANUARY 20, 1923.

Temporary alimony, etc. Before Judge Dickerson. Berrien superior court. May 13, 1922.

On August 3, 1921, C. A. Luke filed a petition for divorce against his wife, Edna Earle Howell Luke, on the ground of cruel treatment, the same being returnable to the September term of the court. Service was perfected by publication. On December 27, 1921, the defendant filed in the same court an answer and cross-bill in which she prayed for a divorce on the ground of cruel treatment to her, and also for permanent and temporary alimony and attorney's fees. The answer also contained a prayer for " such other and further relief in the premises as may seem proper." The court issued an order requiring the plaintiff to show cause, at a stated time and place, why the defendant should not be granted temporary alimony and attorney's fees, as prayed in the answer and cross-bill. It was further ordered that a copy of the answer and cross-bill and of the rule nisi be mailed forthwith to the plaintiff. It was also ordered that each party or counsel mail to

the other party or counsel of record a copy of the affidavits to be used at the hearing, to be had on January 7, 1922, not less than ten days in advance thereof, and that rebuttal affidavits be exchanged at least five days before the hearing. The plaintiff, on January 7, 1922, filed an answer to the defendant's answer and cross-bill.

The hearing on the question of temporary alimony and attorney's fees was not had and concluded on the day named in the rule nisi, but was concluded and judgment rendered on May 13, 1922, on which day the court rendered a judgment "that the defendant, Mrs. Edna Earle Howell Luke, do have and recover of and from the plaintiff, C. A. Luke, the sum of $250.00 as temporary attorney's fees and the sum of $65.00 per month as temporary alimony from December 10th, 1921, pending this case. It is further ordered that the plaintiff pay to defendant's counsel of record, Franklin & Langdale and J. A. Alexander, the sum of $250.00 attorney's fees above provided. Five months having already elapsed from December 10, 1921, it is ordered that defendant pay to the plaintiff's counsel of record, Franklin & Langdale and J. A. Alexander, for the defendant, the sum of $325.00 immediately." The judgment also fixed the day of the month on which the payments for alimony should be made, and reserved the right to allow additional attorney's fees to be determined according to all the facts and circumstances of the case. Error was assigned on this judgment as contrary to the law and the evidence, and without evidence to sustain it, for the following reasons: " (a) Defendant in her cross-action for divorce and alimony alleged that she separated herself from the plaintiff. (b) The evidence of the defendant, as shown by her letters, beginning on page 61 and ending on page 73 of the brief of evidence contained in this bill of exceptions, written at a time when the defendant had not been prompted or coached by counsel, speaks the whole truth of the unfortunate situation of these litigants, and shows conclusively that the defendant is at fault in the separation; the separation being brought about, as she confesses in these letters, by her own misconduct and her weakness in giving way to an irritable and ungovernable temper. (c) If the defendant separated herself from the plaintiff without just cause or excuse, she is not entitled to temporary alimony and attorney's fees. (d) If by the course of

her unjustifiable conduct toward her husband she drove him from his home, his business, and caused him to lose his health by fretting and worrying over her misconduct toward him, without justification or excuse, she is not entitled to recover alimony and attorney's fees. (*e*) The judgment of the court is so confusing, contradictory, and unintelligible that it cannot be legally enforced.

*J. D. Lovett, John P. & Dewey Knight, W. D. Buie,* and *R. A. Hendricks,* for plaintiff.

*Joseph A. Alexander* and *Franklin & Langdale,* for defendant.