## LUKE *v.* LUKE.

GILBERT, J. 1. In response to the petition of the husband for a divorce, the wife filed an answer and a petition for alimony, temporary and permanent, and for counsel fees, in one cross-action. " A petition for alimony pending a divorce suit or a suit for permanent alimony is in the nature of an ancillary proceeding, and does not require the issuance and service of a new process returnable to another term of court. Upon it the presiding judge issues an order nisi which is served and under which the hearing is had." *Nipper* v. *Nipper,* 129 *Ga.* 450 (3) (59 S. E. 226); *Williams* v. *Williams,* 137 *Ga.* 791 (74 S. E. 242); *Hogan* v. *Hogan,* 148 *Ga.* 151 (2) (95 S. E. 972); *Legg* v. *Legg,* 150 *Ga.* 133 (102 S. E. 829); *Glover* v. *Glover,* 151 *Ga.* 574 (2) (107 S. E. 861). This principle will also apply where, in a case like this, the cross-action for a divorce embodies within it a petition for alimony and also for attorney's fees.

2. " In suits for divorce the judge presiding may, either in term or vacation, grant alimony or decree a sum sufficient for the support of the family of the husband dependent upon him and who have a legal claim upon his support, as well as for the support of his wife." Civil Code (1910), § 2980; *Ray* v. *Ray,* 109 *Ga.* 465 (34 S. E. 562); *Williams* v. *Williams,* supra. The code section just quoted is taken from the act approved October 28, 1870 (Georgia Laws 1870, p. 413). This act modified or relaxed the rule requiring applications for alimony where an action for divorce was pending, to be made " at any regular term of the court," as then required by the Code of 1863, § 1689, now appearing in the Code of 1910 as § 2976. Construed together, the two sections authorize applications for temporary alimony, when a suit for divorce is pending, to be made either in term or vacation. As held in the preceding headnote, such a petition does not require new process returnable to any other term of court. Moreover, as has been repeatedly held, temporary alimony is awarded for the purpose of enabling the wife to live, and to contest the issues between herself and her husband in proceedings for divorce and permanent alimony.

3. The remaining assignments of error raised the issue as to whether the judgment refusing to vacate the former judgment was error, because, as a matter of law, the evidence demanded a finding that the former judgment should be vacated; and this court cannot hold that the judgment complained of was contrary to law or equity, or that the amount named in the ne exeat bond was excessive.

<em>Judgment affirmed. All the Justices concur.</em>

No. 3316.   JANUARY 20, 1923.

Ne exeat; motion to vacate. Before Judge Dickerson. Berrien superior court. May 13, 1922.

On May 4, 1922, Edna Earle Howell Luke presented to the judge of the Alapaha Circuit a petition for the writ of ne exeat. The petition alleged, in substance, that on August 3, 1921, C. A. Luke filed in the superior court of said county, against this defendant, a petition for total divorce; that on December 10, 1921, the defendant filed her answer to said petition, and also a cross-bill in which she is seeking to recover from the plaintiff alimony, temporary and permanent, and attorney's fees; that the defendant's application for temporary alimony and attorney's fees has been set down for a hearing at Nashville, Ga., at 10 o'clock a. m., April 10, 1922; that the plaintiff has indicated to a named person that he would leave the State and go to parts unknown, rather than pay defendant any temporary alimony or attorney's fees that might be awarded to her; that practically all of the property of the plaintiff is in the form of cash money which can easily be placed beyond the reach and jurisdiction of the court by the plaintiff; that the plaintiff is about to remove himself beyond the limits of the State, and unless he is restrained by writ of ne exeat he will not be amenable to the orders, and will be beyond the jurisdiction of the court; and that the defendant has no adequate remedy at law. The prayer was that a writ of ne exeat issue in terms of the statute. The petition was sworn to. The court ordered the clerk of the superior court to issue the writ of ne exeat, directed to the sheriff of the county or his lawful deputies, requiring the plaintiff to give bond and security in the sum of three thousand dollars, conditioned as follows: " If the said C. A. Luke shall be forthcoming to answer defendant's claim in said case for alimony, temporary and permanent, and attorney's fees, or shall abide by the orders and decrees of the court in said case, the said bond to be void; else of full force and virtue." It was further ordered that in default of the bond the defendant should be kept in the custody of the sheriff until

further order and decree of the court. No evidence was submitted to the court, other than the sworn petition. The clerk of the superior court issued the writ as required. Upon failure to give a bond, the terms and conditions of which were in conformity with the judge's order, the sheriff took the respondent into custody. Thereupon respondent presented a petition to the judge, praying that the order and judgment of the court granting the writ of ne exeat be vacated and set aside, on the grounds, that the allegations in the petition for the writ were untrue; that no evidence was submitted to the court at the time the order was signed; that plaintiff was not given an opportunity to be heard; that the proceeding was for the sole purpose of giving broad publicity, and to prejudice the rights of the plaintiff, and to create a sentiment against the interest of the plaintiff, and to have its effect upon the jurors who will sit in the main case for divorce and alimony; that so much of the order and judgment complained of, to wit, " If the said C. A. Luke shall be forthcoming to answer defendant's claim in said case for alimony, temporary and permanent, and attorney's fees, or shall abide by the orders and decrees of the court in said case, the said bond to be void; else of full force and virtue," is contrary to law, void and oppressive, for the reason that the court has no right to require the plaintiff to be forthcoming to answer defendant's claim in the case for alimony, or to give bond for temporary attorney's fees; that the court has power only to require the plaintiff to be present to abide the judgment and decrees of the court with respect to temporary and permanent alimony. The prayers of this petition were, for a rule nisi, for service by publication, and for general relief. The petition was sworn to by respondent; and the court issued a rule nisi. Service of the rule nisi was acknowledged, and the proceeding was filed on May 13, 1922. On May 31 the petition to vacate the judgment requiring the ne exeat bond was amended by adding thereto the following: " The applicant for writ of ne exeat must file her application for temporary alimony where, as in this case, petitioner has filed his libel for divorce against his said wife; and the application of wife of petitioner having been filed in vacation and not in term time, there is no legal petition for temporary alimony pending, and the court is without authority to grant the ne exeat writ and require petitioner to give a bond by virtue thereof. Evidence was intro-

duced by both parties; after which the court passed the following order: " The within petition, to set aside and vacate the order directing the writ of ne exeat republica, coming on for hearing this day at the time and place set down heretofore by the rule nisi, the same is, after testimony submitted and argument had, hereby over-ruled, and the relief prayed for is hereby denied. This at chambers, May 31st, 1922." The petitioner excepted and assigned error as follows: (1) Because it is shown by the petition for the writ of ne exeat that the cross-bill for alimony and attorney's fees was filed in vacation, and no legal pleadings were pending before the court to authorize the judgment requiring the respondent, C. A. Luke, to give the ne exeat bond; and because there were no legal proceedings pending upon the part of the wife which entitle her to temporary alimony and attorney's fees; and therefore the court was without authority or jurisdiction to consider the application for a writ of ne exeat and to pass judgment thereon. (2) Because the facts alleged in the petition are untrue and are insufficient to authorize the court to render the judgment, because the evidence introduced by the applicant, C. A. Luke, demanded, as a matter of law, that the judgment of the court be vacated and the applicant discharged. (3) Because the bail required is excessive. (4) Because the court on the hearing should have set aside the judgment requiring the ne exeat bond. (5) Because the judgment refusing to vacate the order requiring the ne exeat bond was contrary to law and the evidence and the principles of equity and justice, and is arbitrary, oppressive, and an abuse of legal discretion.

*W. D. Buie, R. A. Hendricks, J. D. Lovett,* and *John P. & Dewey Knight,* for plaintiff.

*Franklin & Langdale* and *Joseph A. Alexander,* for defendant.