LUKE *v.* LUKE.

1. The general rule, to the effect that the discretion and power of a trial judge to grant additional alimony in a proceeding for divorce or permanent alimony is exhausted after the final verdict and decree therein, is subject to exception where the court, in passing upon an application for temporary alimony, expressly reserves the right to allow additional temporary alimony or attorney's fees as the facts and circumstances of the case may justify, and upon a subsequent hearing on the petition for additional attorney's fees pending the litigation, after hearing evidence,

reserves his judgment on the temporary application with consent of counsel until a later date. In such a case the judge, having the application for temporary alimony and attorney's fees still before him upon evidence adduced prior to the rendition of the verdict and decree in the main case, may enter judgment although such judgment may be rendered after the decree in the main case. Especially may this be done where both the decree for permanent alimony and the judgment for attorney's fees in the nature of temporary alimony are rendered on the same day.

2. So far as appears from the record, there was no error in the judgment of the trial judge upon the application for additional attorney's fees.

3. "A petition for alimony pending a divorce suit or a suit for permanent alimony is in the nature of an ancillary proceeding, and does not require the issuance and service of a new process returnable to another term of court. Upon it the presiding judge issues an order nisi which is served and upon which the hearing is had."

4. This court will not control the discretion of the trial court in allowing temporary alimony or attorney's fees, unless it has been flagrantly abused; and the merits of an exception alleging an abuse of discretion must be determined by a review of the evidence submitted upon the trial of the petition for such alimony or counsel fees. Consequently where, as in this case, none of the evidence submitted to the lower court has been brought up in the record, the Supreme Court is unable to declare that there was an abuse of discretion, but on the contrary must presume that there was no abuse of discretion, and that the judgment of the trial judge was fully authorized.

No. 4299. JANUARY 15, 1925.

Divorce; attorney's fees. Before Judge Dickerson. Berrien superior court. December 8, 1923.

*J. D. Lovell, J. P. Knight, W. D. Buie,* and *Hendricks & Hendricks,* for plaintiff.

*Franklin & Langdale* and *J. A. Alexander,* for defendant.

RUSSELL, C. J. This case, which has hitherto drawn its tortuous length through three decisions of this court (154 *Ga.* 797, 800, 115 S. E. 664, 666; 158 *Ga.* 103, 123 S. E. 716), now presents itself for a fourth adjudication. The exception in the present bill of exceptions is to a judgment upon a petition for additional temporary alimony, which was filed and heard before the final verdict and decree in the main case, in which a divorce was asked by both parties and in which an allowance of permanent alimony was made, but subsequent in date to this verdict and decree.

1. The point is made that after the final verdict and decree in the case the court was without jurisdiction to render a judgment upon the proceeding for temporary alimony, and that in consequence the judgment by the court upon this petition granting an allowance of $150 as additional attorney's fees in behalf of the wife is void.

The general rule, to the effect that the discretion and power of a trial judge to grant additional alimony is exhausted after the final verdict in a proceeding for divorce or permanent alimony, is of course well settled. *Wise* v. *Wise,* 157 *Ga.* 814 (122 S. E. 210). However, this rule, like most, if not all, general rules, is subject to exceptions. One of the exceptions recognized by this court is where there is express reservation by the court of the right to allow additional alimony or attorney's fees as the facts and circumstances of the case may justify. *Phillips* v. *Phillips,* 146 *Ga.* 61 (90 S. E. 379). In this case, as appears from the record, the petition for additional attorney's fees in behalf of the defendant wife was filed, and service thereof acknowledged by the counsel for the plaintiff. A hearing was set for September 9, 1922, and upon this date both parties were present by their counsel, and evidence in the form of affidavits was submitted by the plaintiff as well as in behalf of the defendant. With the consent of counsel for both parties the trial judge reserved his decision until he could hear the evidence adduced upon the trial of the main case (divorce and permanent alimony) at the September term, 1922. On September 30, 1922, a decree was entered upon a verdict of the jury as to the divorce and permanent alimony. However, the petition for additional temporary alimony in the nature of attorney's fees to enable the defendant to defend her rights and upon which the hearing had been had on September 9, 1922, was still pending, the judgment therein having been expressly reserved, with the consent of counsel for the plaintiff, until the evidence as above stated could be heard, when the court entered the judgment of which complaint is now made, awarding $150 additional fees to the attorneys for the defendant.

2. We find no error in the judgment of the trial judge. It is strenuously insisted that this court should view with sternest disapprobation the rendition of a judgment against a party in a case where such judgment is rendered in the absence of counsel and without the knowledge and consent of the party. We confess that we should not view such a proceeding with favor, but the record before us will not support even the slightest shadow of suspicion that the learned and lovable judge who tried this cause, and who has now passed from the scenes of his useful earthly labors, either aided or countenanced the grant of any advantage to either of the parties as against the other. From the bill of exceptions itself it appears that

the judgment upon the petition for additional attorney's fees was rendered the same day on which the verdict and final decree in the case were rendered, and that this was during the regular September term, 1922, of Berrien superior court. That it was rendered without the actual knowledge or consent of the plaintiff or his counsel is, under the circumstances of this case, immaterial; for if it were entered upon the minutes of the court, the plaintiff had the opportunity to see and know the purport and effect of the judgment with consequent right of exception. That the plaintiff suffered nothing is apparent from the fact that he has excepted and that his case is now reviewed by this court.

3. The point is made that the petition for additional attorney's fees was not properly addressed to the court, and that no process was attached, by reason of which there was no sufficient pleading to have authorized the judge to render the judgment of which complaint is made. Without reference to previous decisions in which this court has held that it is unnecessary to attach process to applications for additional alimony provided in § 2980 of the Code of 1910, it was held by this court in this very case that a "petition for alimony pending a divorce suit or a suit for permanent alimony is in the nature of an ancillary proceeding, and does not require the issuance and service of a new process returnable to another term of court. Upon it the presiding judge issues an order nisi which is served and upon which the hearing is had" (*Luke* v. *Luke,* 154 *Ga.* 800), as appears to have been done in this case. Another point raised in the argument is that the application in this case was made in vacation. When this case was here the second time (154 *Ga.* 800) it was held that applications for temporary alimony could be made either in term or in vacation; and manifestly this point is without merit. The point is also stressed that there is nothing in the present bill of exceptions to bring this case within the exception to which we have just referred, i. e., an instance where the judge reserves the right to control the final decree. This court will be presumed to have knowledge of its own records as well as of its prior decisions; and it appears from the statement of facts in the case at the time of its first appearance (154 *Ga.* 797, 799) that the original judgment which fixed the alimony and made an allowance of $250 for attorney's fees reserved to the court "the

right to allow additional attorney's fees, to be determined according to all the facts and circumstances of the case."

4. The rule is well settled that "this court will not control the discretion of the trial court in allowing temporary alimony, unless it has been flagrantly abused." *Etheridge* v. *Etheridge,* 149 *Ga.* 44 (99 S. E. 37). And it has been repeatedly held that "temporary alimony is awarded for the purpose of enabling the wife to live, and to contest the issues between herself and her husband in proceedings for divorce and permanent alimony" (*Luke* v. *Luke,* 154 *Ga.* 800 (2)) ; and this makes an allowance for attorney's fees as much an intrinsic part of reasonable temporary alimony as the provision for food to keep the wife alive while her attorney carries out her contest. Of course, if a question as to an abuse of discretion as to the amount allowed were properly presented, it would be our duty to rule upon it, as urgently insisted by counsel for the plaintiff in error. But we could determine only from a review of the evidence submitted at the hearing on September 9, and from the evidence adduced at the trial of the main case (which counsel consented should be considered by the court), whether there was an abuse of discretion; and as none of the evidence submitted in either instance has been brought up in the record, we are of course unable to declare whether there was an abuse of discretion as insisted by the plaintiff in error, and on the contrary must presume, from the absence of the evidence, that the finding of the trial judge was fully authorized.

*Judgment affirmed. All the Justices concur.*