## DUNCAN *v.* DUNCAN.

No. 11464. NOVEMBER 27, 1936.

*Noah J. Stone* and *John L. Cone*, for plaintiff in error.
*D. F. McClatchey Jr., Harold Hirsch*, and *Marion Smith*, contra.

ATKINSON, Justice. Mrs. Rosa Lee Duncan filed a suit for divorce against W. T. Duncan, and at the first trial a verdict was rendered in her favor. A motion for new trial was overruled, and the defendant excepted, and assigned error also on exceptions pendente lite.

■ The basis of the action was cruelty on the part of the husband. The petition alleged various acts of a "nagging character," on the part of the defendant husband, such as leaving the house without disclosing his whereabouts, constantly quarreling with her, and upon one occasion kicking her. The petition was amended by alleging that on a certain date the defendant threatened her life; also that he threatened to knock out her eyes, and kick her in the street; that he would refuse to talk to her, writing notes to her instead of talking to her. The defendant filed an answer denying in substance the allegations. When the plaintiff tendered the amendment to her petition the defendant objected to the allowance thereof, on the ground that the allegations of fact do not charge cruel treatment, under the laws of Georgia, and to the first paragraph thereof on the ground that the facts alleged are conclusions, and to the second sentence on the ground that it "fails to allege when said alleged threats were made," and to paragraph 2 on the ground that the dates are not set out wherein the plaintiff charged that the defendant was constantly nagging her, and because in paragraph 3 the fact that defendant did not talk to plaintiff, but wrote her notes instead, did not constitute cruel treatment, and because the facts pleaded in the amendment are not germane to any allegations in the original petition. The court allowed the amendment, and the defendant excepted.

The allegations contained in the amendment are not conclusions, but state a combination of actions which might constitute cruelty, affecting the nervous system and health of the plaintiff. The amendment alleged that the defendant, on or about September 1, 1934, threatened her life and health. It would be impossible to allege dates during all the course of her married life in which the defendant nagged the plaintiff, if the same be true, and the amendment specifies that these naggings occurred during the last year the parties lived together. The plaintiff was entitled to set forth acts of cruelty additional to those set forth in the original petition. Regarding the complaint of the movant

that the allegations in the amendment as to nagging were conclusions, the case of *Smith* v. *Smith,* 168 *Ga.* 725 (5) (149 S. E. 39), is in point. It was there held: "The court did not err in allowing the plaintiff to testify that the defendant 'was always nagging,' over the sole objection: 'I object to the term "nagging;" I think we ought to find out what constitutes nagging.'" As to the effect of nagging see *Wilkinson* v. *Wilkinson,* 159 *Ga.* 322, 339 (125 S. E. 856). And further in regard to alleged cruel treatment, as·charged in the amendment to which the exceptions pendente lite relate, this court has said: "Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person; and that which produces the one is not more cruel than that which causes the other." *Glass* v. *Wynn,* 76 *Ga.* 319 (3), 322. See also *Ray* v. *Ray,* 106 *Ga.* 260 (32 S. E. 91); *Pierce* v. *Pierce,* 145 *Ga.* 886 (89 S. E. 1045), where the calling of vile names, which with other acts was alleged to detrimentally affect the other's health, was held to be cruel treatment.

█ In ground 4 of the motion for new trial the movant ·complained of the following charge to the jury: "But since jurors might possibly differ in opinion as to the meaning of this section, the law defines cruel treatment as treatment wilfully inflicted, or the wilful infliction of pain, bodily or mental, by words or by conduct, such as reasonably justifies an apprehension of danger to health." The court followed the above charge by instructing the jury as follows: "A section of our law provides that cruel treatment in the sense in which it is used in the statute is any act or words intended to torment, vex, or afflict, or which actually afflicts or torments without necessity, or any act of inhumanity, wrong oppression or injustice." It was contended that these instructions were confusing, and gave an incorrect statement of the law to the jury. The charge defined cruelty, and in substance defined cruel treatment as the infliction of pain, bodily or mentally, such as reasonably justifies an apprehension of danger to health. There was no error in the charge for any reason assigned. *Myrick* v. *Myrick,* 67 *Ga.* 771 (4); *Glass* v. *Wynn, Ray* v. *Ray,* supra. In ground 5 the plaintiff in error complained that the court charged the jury as follows: "Now, gentlemen, in this case you will not write out a verdict. Have your foreman, when you re-

turn into court, state whether or not you grant the plaintiff in this case a divorce, and whether or not a total or partial divorce." The movant complained that the court did not charge the jury as to the form or nature of their verdict, if it found for the defendant. This contention is not well founded, because it is manifest the court intended that the jury should state what its verdict was in order that it might be written out by counsel in appropriate form. No exception is taken to the instruction that the jury might orally return its verdict. The court did tell the jury to report to the court whether or not the jury would find for the plaintiff at all, and, if it did find for the plaintiff, whether or not the divorce was total or partial. Therefore no harm was done to the defendant.

■ Headnote 3 does not require elaboration.

*Judgment affirmed. All the Justices concur.*