## 21421. CRAMER v. CRAMER.

MOBLEY, Justice. 1. The defendant filed a special demurrer to that part of the petition which alleged "fussing and nagging" on the ground that the dates of the naggings were not set out. It is settled, however, that, when the cruelty alleged is of a continuous nature, it is not necessary that the plaintiff set forth with exactitude the dates of the cruelties complained of. *Duncan v. Duncan*, 183 Ga. 570 (1) (189 SE 18). Thus it was error for the trial court to sustain the defendant's special demurrer on this ground.

2. The defendant filed a special demurrer on the ground that the petition contained no specific allegations as to cruel treatment. An examination of the petition reveals the following alleged acts of cruelty: (1) continuous nagging and fussing about plaintiff's prior marriage, (2) nagging plaintiff by having an attorney contact plaintiff's commanding officer to demand that plaintiff pay more money for defendant's support, when he was already making adequate payments, and (3) complaining and fussing about everything plaintiff did for six months prior to their separation.

These acts, as alleged in the petition, are sufficient to state a cause of action for divorce on the ground of cruel treatment, and it was error for the trial court to sustain defendant's special demurrer on the ground that the petition failed to allege specific acts of cruel treatment.

3. The defendant filed a special demurrer to paragraph 9 of the petition on the ground that it is a conclusion unsupported by any allegation of fact which would constitute a ground for divorce. Paragraph 9 reads as follows: "Plaintiff further shows that because of continued acts above set forth, your petitioner could no longer live with her and had he made an effort to do so, his health would have become permanently injured."

A conclusion may be plead if it is supported by sufficient allegations of fact. *McWhorter v. Settle*, 202 Ga. 334 (4) (43 SE2d 247); *Saliba v. Saliba*, 202 Ga. 279 (9), (42 SE2d 748). In this case plaintiffs' conclusion is amply supported by the allegations of cruel treatment set out in Division 2 of this opinion, and it was error for the trial court to sustain this special demurrer.

4. Having carefully examined the remaining special demurrers to the petition, we conclude that they are without merit. Accordingly, it was error for the trial court to sustain those demurrers.

5. "The following grounds shall be sufficient to authorize the granting of a total divorce: . . . [10] Cruel treatment, which shall consist of the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." *Code* § 30-102 (10).

Viewing the petition under consideration in the light of the section of the statute set out above and the cases construing the statute, it is clear that allegations sufficient to set forth a cause of action were contained in the petition. For that reason the trial court erred in sustaining the defendant's general demurrer to the petition.

*Judgment reversed. All the Justices concur, except Head, P. J., and Almand, J., who dissent.*

ARGUED OCTOBER 9, 1961—DECIDED NOVEMBER 9, 1961.

*Strother & Spence,* for plaintiff in error.

*James L. Mayson, F. L. Breen,* contra.

William L. Cramer filed his suit for divorce against Pearl H. Cramer on the ground of cruel treatment. The pertinent portions of the petition are as follows: That plaintiff and defendant intermarried in 1955; that plaintiff separated from defendant on account of cruel treatment by defendant towards plaintiff: that, although plaintiff did all in his power to make defendant a good, true, and affectionate husband, and gave her no cause to complain, defendant did, notwithstanding the efforts of plaintiff, continuously nag and fuss at plaintiff about his prior marriage; that, during the six months preceding their separation defendant complained and fussed about everything plaintiff did; that the fussing and nagging continued after separation, as defendant contacted the commanding officer of plaintiff through her attorney and demanded that the commanding officer make plaintiff pay additional payments toward her support, though he was already making adequate payments; that by these acts defendant was causing plaintiff embarrassment and humiliation

and was attempting to prejudice plaintiff's career as an officer; that, because of the continued acts set forth in the petition, plaintiff could no longer live with defendant and, had he made an effort to do so, his health would have been permanently injured, and that said cruel treatment accorded petitioner by defendant was wilful and deliberate on her part.

To the petition, the defendant filed general and special demurrers, all of which were sustained by the trial court. To that order the plaintiff excepts.