### 21480. HIRSCH v. HIRSCH.

Argued January 17, 1962—Decided February 8, 1962.

*Heyman, Abram, Young, Hicks & Maloof, Morris B. Abram, John H. Hicks,* for plaintiff in error.

*M. K. Pentecost, Jr., John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr.,* contra.

ALMAND, Justice. The judgment under review is one overruling a general demurrer to an amended petition seeking a divorce on the ground of cruel treatment.

■ The main question is whether the allegations of the amended complaint charging the defendant wife with nagging are sufficient to charge her with the wilful infliction of pain, bodily or mental, such as reasonably justifies the husband to apprehend damages to his life or health under *Code* § 30-102 (10).

The allegations of cruel treatment are as follows: "That this cruel treatment of the plaintiff by the defendant consisted in her continuously fussing and nagging at the plaintiff"; "That this cruel treatment of the plaintiff by the defendant was wilful and intentional on her part and has seriously affect the health of the plaintiff"; ". . . the defendant has since said conditional reconciliation continuously fussed and nagged at the

plaintiff to such an extent that it has seriously affect the health of the plaintiff and has made it impossible for plaintiff to continue living with the defendant"; and ". . . shows that the defendant has since said second conditional reconciliation continuously fussed and nagged at the plaintiff to such an extent that it has seriously affected the health of the plaintiff and has now made it impossible for plaintiff to continue living with the defendant." In a final amendment to the plaintiff's petition it was alleged ". . . that the said acts of cruel treatment by the defendant upon plaintiff were willfully inflicted upon the plaintiff by the defendant for the purpose of injuring and harming plaintiff's health, and that said cruel treatment by the defendant did harm and adversely affect plaintiff's health and did cause plaintiff to be apprehensive of danger to his health and life . . . that said cruel treatment consisted in the defendant's continuously, over the past several years, fussing and nagging at plaintiff and quarreling with and harassing plaintiff . . . that defendant would constantly nag and fuss at plaintiff, and even after plaintiff would go to bed at night defendant would keep him awake by nagging, fussing and harassing plaintiff about insignificant and unimportant matters . . . that defendant's nagging, fussing and harassing finally became so unbearable that plaintiff was forced to move out of the bedroom of the parties and into another room, but that the defendant would thereafter come into said other room where plaintiff was and nag, argue, fuss at and harass plaintiff. . . That defendant's nagging and fussing was a continuous thing, and that she would constantly nag at and harass plaintiff at the home of the parties and when they would be out together at other places, both public and private. . . That as heretofore set out, the said conduct of the defendant toward the plaintiff did adversely and harmfully affect plaintiff's health, and caused plaintiff to be apprehensive of danger to his health and life."

We are of the opinion that these allegations are sufficient, as against a general demurrer, to charge cruel treatment. In *Alford v. Alford*, 189 Ga. 630, 632 (7 SE2d 278), Justice Warren Grice, in a full-bench decision, in discussing the quantity and quality of nagging as constituting cruel treatment said: "There

are certain matters which when wilfully done amount to cruelty on account of the very fact that they are repeated from time to time. It is this constant repetition that makes them unbearable. Beginning with *Head v. Head,* 2 Ga. 191, this court has consistently held that occasional sallies of passion, if they do not threaten bodily harm, do not amount to cruelty against which the law can relieve. But the very word 'nagging' carries with it the idea of continuity. See the New Merriam-Webster Dictionary. One or two petty fault findings may be to a degree annoying, but it is the persistency of the fretting that causes the real vexation. It is the accumulation of the instances, the never-ending borings, the sum total of the repeated irritations; no one smarting, but the continued scraping of the surface already made raw and sore and inflamed by the previous annoying and provoking conduct. One briar prick, while not a pleasant sensation, may cause no serious pain, but a thousand of them may be harassing. At some time there is placed the straw that breaks the camel's back. There is nothing in the record to negative the idea that the unpleasant experience of the very last evening this couple spent together may have been that straw— that last annoyance that, together with what took place before, constituted nagging. In such a situation the husband's living with his wife did not amount to such condonation as canceled the prior elements of the nagging." The term "nagging" is fully explained in *Wilkinson v. Wilkinson,* 159 Ga. 332 (125 SE 856), two Justices dissenting. In the recent case of *Cramer v. Cramer,* 217 Ga. 414 (122 SE2d 729), this Court (two Justices dissenting), held the allegations of nagging were sufficient to charge cruel treatment. The allegations of nagging in the instant case are much stronger and definite than those in the *Cramer* case.

The court did not err in overruling the general demurrer.

■ The amended petition discloses that since the filing of the original petition the parties on two occasions resumed cohabitation. In amendments to the petition it is alleged that on each renewal of the marital relation it was on condition that the defendant would cease nagging, but that on both occasions the defendant breached her promises and continued to nag and harrass the plaintiff.

The defendant contends that when the plaintiff resumed cohabitation with the defendant he condoned all prior acts of cruel treatment in that after a reconciliation only fresh acts of cruelty will revive acts of cruelty occurring prior to the first separation, and that nagging for the periods of four and one months (the length of time of resumed cohabitations) was not sufficient to constitute fresh acts of cruelty so as to revive all antecedent acts of cruelty.

The original petition charged the defendant with continuous nagging over a period of several years prior to the separation. The two amendments, reviving the original petition, allege that during the resumption of marital relations the defendant continuously fussed, nagged, argued, and harrassed the plaintiff. While continuing to live with the defendant after one act of nagging might amount to a condonation of prior acts of nagging, a repetition would revive previous grounds. *Allen v. Allen,* 194 Ga. 591 (5) (22 SE2d 136). The petition alleges conditional reconciliation based upon the promises of the defendant that she would not again nag, fuss, or harass the plaintiff, and that on both occasions she broke the promises. The amended petition does not disclose circumstances that would bar the plaintiff from proceeding with the original petition because of condonation.

*Judgment affirmed. All the Justices concur.*