### 24086. BOTERO v. BOTERO.

ALMAND, Presiding Justice. The appellant seeks a review and reversal of two orders: first, the order denying his motion to dismiss his wife's petition for a divorce and second, the order granting her motion for a new trial.

Mrs. Barbara Botero filed her petition for a divorce against Jesus M. Botero on the ground of cruel treatment. The appellant filed his answer denying the material allegations of his wife's petition and prayed that she be denied a divorce. On the trial of the case the appellant made an oral motion to dismiss the case on the ground that the allegations in the petition were insufficient to charge cruel treatment. This motion was overruled. The jury returned a verdict denying the appellee a divorce. The court granted her motion for a new trial on the general grounds. *Held:*

1. It was not error to deny the appellant's oral motion to dismiss the petition. In her petition appellee alleged: "(a) The defendant constantly fussed and nagged with the plaintiff and was not satisfied with anything she did and criticized her every act, although the plaintiff is an intelligent person with a college education; (b) That the defendant blamed

the plaintiff for every one of their personal and marital problems and constantly harassed her with placing said blame against her; (c) That the defendant had no confidence in the plaintiff and objected to her method of feeding the minor children, caring for same and constantly criticized every effort of motherhood which she extended toward the children; (d) That these continuous and wilful acts on the part of the defendant led the plaintiff to almost have a nervous breakdown, and they were not condoned, and to have continued living with the defendant would have undoubtedly caused her to lose her health; (e) That the defendant though earning at least $19,000 a year, was very tight with money and forced the plaintiff to constantly ask him for the bare necessities of life, which was embarrassing and humiliating to her and caused her serious mental and physical distress." These allegations were sufficient to withstand the motion. *Hirsch v. Hirsch*, 217 Ga. 590 (123 SE2d 915); *Cramer v. Cramer,* 217 Ga. 414 (122 SE2d 729); *Allen v. Allen*, 194 Ga. 591 (22 SE2d 136); *Alford v. Alford*, 189 Ga. 630 (7 SE2d 278).

2. The first grant of a new trial will not be disturbed by this court where the new trial is granted in the discretion of the trial judge on the general grounds, unless the appellant shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court. *Code Ann.* § 6-1608 (Ga. L. 1959, pp. 353, 354).

We have reviewed the evidence and it cannot be said that the evidence demanded a verdict in favor of the appellant. Accordingly, the trial judge did not err in granting a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted May 9, 1967—Decided May 18, 1967.

*Rose, Silverman & Hunt, George S. Stern,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Clifford Oxford, Paul E. Pressley, Charles H. Hyatt,* for appellee.

