43469.   HOWARD v. BILES et al.

FELTON, Chief Judge.   1. The trial court's order on the plaintiffs' motion for a new trial stated, in part, as follows: "It appears to the court that the court in charging the jury stated that paragraphs 4, 5, 6, 7, 8, 9 and 10 of the plaintiff's petition were denied when as a matter of fact, the defendant admitted these allegations. It further appearing that there was con-

siderable confusion in the minds of the jury as to the ground or grounds of negligence to be considered by them in passing upon the issues involved in this case and the court, in his re-charge to the jury used the words 'ordinary care' when he should have used 'extraordinary care' which may have led to further confuse the jury. *Considering all the circumstances of this case*, the court is of the opinion that a new trial should be granted and it is so ordered." (Emphasis supplied.) The above is construed as a grant of the new trial on the general, as well as the special grounds.

2. "The first grant of a new trial will not be disturbed by this court where the new trial is granted in the discretion of the trial judge on the general grounds, unless the appellant shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court." *Botero v. Botero*, 223 Ga. 380 (2) (155 SE2d 381), citing *Code* § 6-1608 (see correction of citation in back of 223 Georgia Reports) ; *Peak v. Cody*, 113 Ga. App. 674, 675 (1) (149 SE2d 519).

3. The evidence was conflicting and authorized a verdict either way; therefore, the court did not err in its judgment granting a new trial.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

ARGUED FEBRUARY 5, 1968—DECIDED FEBRUARY 28, 1968—
REHEARING DENIED. MARCH 12, 1968.

*Peek, Whaley, Blackburn & Haldi, J. Corbett Peek, Jr., Glenville Haldi,* for appellant.

*Bradford, Maddox & Baird, Kermit C. Bradford,* for appellees.