28145. BERMAN v. BERMAN.

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 5, 1973.

*Manning, Read & Richardson, Charles D. Read, Jr.,* for appellant.

*R. Joseph Costanzo, Glenville Haldi,* for appellee.

MOBLEY, Chief Justice. This appeal is from the grant of a motion for new trial in a contempt case. The trial judge certified the case for immediate review.

In a divorce action between the parties, their extensive agreement settling questions of alimony, property rights, custody of the children, and visitation rights, was made the judgment of the court, and both parties were "ordered to comply with each and every term and provision thereof."

Mrs. Berman filed a motion, containing 43 paragraphs, praying that Dr. Berman be adjudged in contempt for refusing to abide by the terms of the judgment. After a hearing on the matter, Judge Edward D. Wheeler entered a judgment finding that Dr. Berman was not in wilful contempt of the judgment.

Mrs. Berman filed a "motion for new trial and motion for rehearing and reconsideration" which contained the usual general grounds of a motion for new trial, and two special grounds asserting that Dr. Berman had committed wilful perjury, and that his testimony should be disregarded.

After hearing the motion, Judge Ray C. Norvell entered an order setting aside the judgment finding that Dr. Berman was not in wilful contempt, and granting a new hearing on the contempt matter. The order stated that no determination would be made at the new hearing as to whether Dr. Berman committed wilful perjury during the former hearing on the contempt matter.

1. It is contended by the appellant that the motion for new trial was void because it did not substantially comply with the form of a motion for new trial as set out in Code Ann. § 70-302 (Ga. L. 1965, pp. 18, 35), in that it did not specify the date of the judgment sought to be set aside.

The motion for new trial showed the style and number of the case, and the court in which it was pending. The rule nisi recited the date of the judgment. While the motion is deficient in failing to show the date of the judgment, the respondents in the motion were put on notice by the rule nisi of the judgment in which the motion was filed. The motion was not so deficient that the trial judge was not authorized to consider it.

2. It is asserted by the appellant that the motion filed did not entitle Mrs. Berman to any relief. Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30) provides for the time of filing motions for new trial from the entry of the judgment on the verdict, "or entry of the judgment where the case was tried without a jury."

In *Cody v. Cody,* 221 Ga. 677 (146 SE2d 778), this court held that a motion for new trial is a proper remedy for attacking a judgment holding a party in contempt for failure to pay alimony.

The motion for new trial was thus a proper remedy for attacking the judgment holding that Dr. Berman was not in contempt of court for failing to abide by the alimony judgment.

3. The court obviously granted the motion for new trial on the general grounds. "The first grant of a new trial will not be disturbed by this court where the new trial is granted in the

discretion of the trial judge on the general grounds, unless the appellant shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court. Code Ann. § 6-1608 (Ga. L. 1959, pp. 353, 354); *Botero v. Botero,* 223 Ga. 380 (2) (155 SE2d 381).

This rule applies even though the judge who heard the case ceased to hold office before the hearing of the motion for new trial, and it was passed on by his successor. *Van Giesen v. Queen Ins. Co.,* 132 Ga. 515 (64 SE 456); *Carr v. Carr,* 157 Ga. 208 (1) (121 SE 227).

We have carefully reviewed the evidence, and find that the trial judge did not abuse his discretion in granting the new trial.

*Judgment affirmed. All the Justices concur.*