JOSEPH GLENN, plaintiff in error, vs. JOHN HILL, defendant in error.

Whilst a libel for divorce in favor of the wife is pending, an action against the husband for the counsel fees of the wife in the divorce suit cannot be maintained in a Justice Court. Such a claim is an incident to the wife's right to temporary alimony, and during the pendency of the libel is only cognizable by the Judge of the Superior Court.

Divorce. Alimony. Attorney's fees. Before Judge McCutchen. Whitfield Superior Court. April Term, 1873.

Glenn brought suit against Hill, in the Justice Court for the eight hundred and seventy-second district, on an account for $50 00, for professional services as an attorney at law, alleged to have been rendered to Fannie Hill, the wife of the defendant, in the case of said Fannie Hill against the defendant, the same being an action for a divorce, still pending in Whitfield Superior Court. The presiding magistrate dismissed the suit for want of jurisdiction in his Court. The plaintiff carried the case, by writ of certiorari, to the Superior Court, where the judgment of the magistrate was affirmed.

To this ruling the plaintiff excepted.

JESSE A. GLENN, for plaintiff in error.

JOHNSON & McCAMY; SHUMATE & WILLIAMSON, for defendant.

Glenn *vs.* Hill.

TRIPPE, Judge.

Pending an action for divorce, temporary alimony for the wife, *including expenses of litigation*, may be granted by the Judge of the Superior Court: New Code, sec. 1737. In fixing the amount of alimony, the Judge may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether: Code, sec. 1740. Thus, temporary alimony, and, of course, the counsel fees for the wife, are not, as a matter of absolute right, to be granted. They are, by law, in the discretion of the Judge of the Superior Court. Whilst the libel is pending, they are incidents to it, and can only be determined by one tribunal. If an action could be maintained by the wife's counsel against the husband for their compensation in the Justice's Court, whilst the suit is pending for divorce, a singular anomaly would be presented. The Superior Court alone has jurisdiction of divorce cases. The Judge of that Court may grant temporary alimony. This, as stated, covers the question of counsel fees. The Judge, in determining whether he will allow any, may make inquiry into certain facts and circumstances touching the separation and necessity for the alimony, and also, by section 1738, into other matters. If there be rules for the Judge of the Superior Court, they should be observed by any tribunal who may hear the question. They would be obligatory on, or authority for, the Justice of the Peace. The law would not furnish him one rule of action and a different one for the Judge of the Superior Court. Whilst then the one tribunal would be determining one branch of a case over which it has exclusive jurisdiction, another tribunal would be passing upon another branch of the same case, and, indirectly, the question of alimony be heard and adjudged in a Justice's Court.

We think the proper and only consistent rule is, that whilst an action for a divorce is pending, the question of fees for counsel for the wife is a legal incident of the suit, and so far a part of it as to be cognizable only by the authority that has

jurisdiction of the main question. If, in disregard of any right the counsel may have, the parties (the husband and wife,) adjust their quarrel, condone and dismiss the suit, a different question would be presented. If the counsel have just ground to claim compensation, the law would furnish the remedy. As the divorce suit would be at an end, and, consequently, the matter of alimony concluded, and no recourse through that means for counsel fees, the right could only be asserted by an ordinary action at law. Such is the ground upon which the decision in *Sprayberry vs. Merk,* 30 *Georgia,* 81, may be fully defended, and such is the difference between that case and this.

Judgment affirmed.