GOLDSMITH, comptroller-general, *vs.* THE GEORGIA RAILROAD COMPANY.

[This case was argued at the last term, and the decision reserved.]

prior judgment adjudicating this same *fi. fa.* to be illegal, except as to a certain sum, is conclusive between the parties, so far as the present litigation is concerned. Whether it would bar a correct assessment of the taxes for the year 1874, and the enforcement of a *fi. fa.* based on such assessment, has not been considered.

Judgments. Amendment. Practice in the Superior Court. Before Judge GRICE. Fulton Superior Court. April Term, 1878.

The comptroller-general issued execution against the Georgia Railroad for $23,802.07, as its tax for the year 1874. A levy was made and affidavit of illegality filed. Upon the issue thus formed the court adjudged that " the illegality be sustained as to all tax claimed except the tax upon four hundred and forty shares of new stock, valued at $93.00 per share, being the sum of $204.50, and that the *fi. fa.* proceed to collect said last named sum, and the further sum of —— for cost." This judgment was affirmed in the supreme court. When the case came on again for trial, the plaintiff moved to amend his demurrer to the illegality, namely, that which had been before passed on both by the superior and supreme courts. To this it was objected by the defendant that the matters presented were *res adjudicata*, and that plaintiff was estopped from proceeding further with the case. This position the court, on inspecting the record, sustained, and, on defendant's motion, passed an order directing the *remittitur* from the supreme court to be entered on the minutes *nunc pro tunc*, and it was entered accordingly, and plaintiff excepted.

R. N. ELY, attorney-general; R. TOOMBS; D. M. DU-BOSE, for plaintiff in error.

J. B. CUMMING; McCAY & TRIPPE; HENRY HILLYER, for defendant.

BLECKLEY, Justice.

The superior court passed its final judgment disposing of this litigation, so far as the present *fi. fa.* and affidavit of illegality are concerned, in December, 1874. That judgment was affirmed here in June, 1875. See 54 *Ga.*, 423. The affirmance was simple and unconditional, with

no direction or special order in the matter. The effect of such affirmance was to leave the judgment of the superior court in as full force as if it had not been excepted to. And if it had not been excepted to, there can be no doubt that it would have been a finality to the case, and conclusive upon the parties. Its affirmance here upon exceptions and writ of error, could not weaken or impair it, but would rather strengthen and confirm it. It seems that there was an omission to enter, in the court below, the *remittitur* from this court, until July, 1878, when, according to the present bill of exceptions, the case was " regularly called for trial, and both parties announced ready." Why there should have been a call of the case for trial, when there was nothing left to try, does not appear. Doubtless it was a mere oversight, and was caused, perhaps, by some erroneous or incomplete state of the docket entries. The plaintiff proposing to amend the demurrer to the affidavit of illegality, and the defendant objecting, the court inspected the record, and found that the demurrer was no longer pending—that it had been heard and disposed of more than two years and a half previously, and that there was a judgment sustaining the affidavit of illegality, except as to a certain sum, and ordering the *fi. fa.* to proceed for the collection of that much. There had been no reversal of that judgment; on the contrary, when the *remittitur* from this court was produced, it showed an affirmance. The failure to enter the *remittitur* on the minutes of the superior court, so as to complete the record, could not nullify the affirmance or convert it into a reversal. A motion to enter the *remittitur nunc pro tunc* was in order, and the defendant having made the motion, the court was correct in granting it. The *remittitur*, whenever presented, is the proper evidence to the court below of the decision of this court; and the decision thus evidenced is to be respected and in good faith carried into effect. Code, §4285. To do this is not discretionary with the presiding judge, but matter of statutory mandate and compulsion. We were much pressed,

but little impressed, with the argument for the plaintiff, that the former adjudication simply ruled certain questions raised by the original demurrer to the affidavit of illegality, and that as the proposed amendment sought to introduce new and distinct grounds of demurrer, not before in the case, the case itself was left intact as to these grounds. This argument ignores the fact that there was a final judgment covering the entire case, and disposing of it forever, which judgment was reviewed by the court and affirmed. The effect of a final judgment is not to be avoided by showing cause against it under the guise of an amendment to the pleadings. Amendments are admissible to uphold judgments, but not to overturn them. If the new grounds of demurrer were good, or thought to be good, they should have been urged whilst the case was pending, and not held in reserve until some years after it was finally determined. That a change of incumbents in the the office of attorney-general had taken place in the meantime, makes no differ-in the legal principle. The attorney-general, like other counsel, must abide the consequences of acts done or omitted by his predecessors. Judgments, whether against the state or against individuals, do not yield to a change of counsel or legal advisers. The most eminent professional skill on earth cannot raise the dead to life by a motion to amend. This case was dead when the present attorney-general was called to treat it, and his genius and learning can never re-animate its dry bones. He may well rest from his labors so far as it is concerned.

We need not and do not anticipate the effect of the judgment upon a subsequent correct assessment of taxes for the year 1874, if any such assessment should be attempted, and if a *fi. fa.* based thereon should be sent forth from the office of the comptroller-general. All we rule is that a final and conclusive judgment, terminating the litigation on the present *fi. fa.* and affidavit of illegality, has been rendered, and the case is no longer in court.

Judgment affirmed.