## BAKER v. BAKER.

Where a judgment was rendered at chambers, and no exception thereto was
taken within the time prescribed by law, it was too late at the next or any
subsequent term of the court to move to set such judgment aside for mere error
in the rendition thereof.

Argued April 8,—Decided April 27, 1901.

Motion to set aside judgment.   Before Judge Reagan.   Pike
superior court.   October 20, 1900.

*John R. Cooper* and *Marion W. Harris*, for plaintiff.
*Marcus W. Beck* and *Lloyd Cleveland*, for defendant.

LEWIS, J.   In March, 1897, Mrs. Baker obtained a decree against
her husband, J. P. Baker, for $15 per month, as permanent alimony,
and in July, 1900, she obtained a rule requiring the defendant to
show why he should not be attached for contempt in failing to pay
$172, alleged to be due as alimony under the decree.   There was

no answer, and the court, after hearing evidence, adjudged that the defendant was in contempt, and ordered that he be confined in jail until the payment of $172 and costs. The defendant moved to set aside this judgment, because: (1) The court was without authority to grant the attachment and order him committed to jail in default of payment of the money. (2) The power to enforce judgments for alimony by attachment applies only to judgments for temporary alimony. (3) To confine him in jail for failure to comply with the order would be imprisonment for debt, in violation of the constitution and laws of the State. (4) He is financially unable to comply with the order, because he has no money, effects, or income sufficient to pay the sum ordered to be paid, or any part of it. (5) If the order is enforced he will be deprived of his rights as a citizen of the United States, without due process of law, in violation of the fourteenth amendment of the constitution of the United States, and will, in violation of that amendment, be denied the equal protection of the laws with other citizens of the State, out of whom debts are collected by execution, levy and sale. The court, after hearing affidavits in support of the allegation that the movant was unable to comply with the order, and an affidavit of Mrs. Baker, overruled the motion, and the movant excepted.

The application filed by Baker can in no sense be treated as an application to be purged of contempt, but was simply a motion to set aside a judgment for reasons alleged. While it is true that, as one of the reasons, the movant alleged his inability to pay the money, there is no prayer or application for a discharge from imprisonment or arrest; but the motion simply asks that "this motion be received, considered, and ordered filed, and that a rule nisi issue against the said Mrs. Joe Farmer Baker, or her counsel, requiring them to appear and show cause at such time as the court may fix, why said order and judgment of August 7th, 1900, should not be annulled and set aside and altogether held for naught, upon the grounds and for the reasons herein set forth, and that upon the hearing of this motion that said judgment and order of August 7th, 1900, be set aside and annulled." Mere error in rendering a judgment at chambers, or even in term, after the time for excepting has expired, can not afterwards be attacked by a motion to set aside. The plaintiff in error made no response to the application for this order of August 7, 1900, and took no steps to correct any error

that may have been committed in its rendition until more than sixty days after the order was granted. If the order was erroneous or void for any of the reasons set forth in his application, his remedy was clearly by bill of exceptions to this court. This case must not be confused with such a case as would arise if Baker, being arrested or imprisoned on this order, were asking to be purged of contempt by showing that, on account of his poverty, he was unable to comply with the terms of the order of August 7, 1900. While the judge heard evidence apparently pertinent to such a case, it makes no difference in our disposition of the present bill of exceptions. We simply hold that the motion to set aside was not well brought, for the reasons already given; and we leave the plaintiff in error free, in the event an attachment for contempt is hereafter sought to be enforced against him, to resort to such remedies by way of purging himself of contempt as may be deemed proper.

*Judgment affirmed. All the Justices concurring.*