## VAN DYKE *v.* VAN DYKE, for use, etc.

1. Irrespective of the question whether, on the final trial of a libel for divorce, counsel fees may properly be included by the jury in the allowance given to the wife as permanent alimony, a decree entered

upon a verdict in her favor which embraces an award of counsel fees is not a mere nullity, and therefore can not, after the time for exception thereto has expired, be set aside or collaterally attacked on the ground that it was erroneous.

2. The power to enforce a decree for permanent alimony by attachment for contempt for failing to comply therewith belongs inherently to a court having jurisdiction of divorce suits.

3. When the respondent does not seek to purge himself of contempt because of inability to comply with the terms of the decree entered against him, there is no error in making the rule absolute.

Submitted March 3, — Decided May 16, 1906.

Attachment for contempt. Before Judge Lumpkin. Fulton superior court. March 21, 1905.

Mrs. Alice M. Van Dyke filed her libel for divorce against her husband, E. A. Van Dyke. Pending the divorce suit and after the rendition of the first verdict, she applied for temporary alimony and expenses of litigation, including counsel fees. A rule nisi issued on the application, which, with the petition for temporary alimony, was personally served on the defendant. On the same day the libel for divorce was amended by adding a prayer that defendant "be required by the judgment of said court to make and pay such provision for her support and maintenance, and for the payment of her counsel fees and the expenses of this her suit for divorce, as to the court may seem reasonable and just." This amendment was personally served on the defendant. The divorce suit came on to be tried the second time, and a verdict was rendered granting the libellant a total divorce, allowing a fixed amount for permanent alimony, and finding the sum of one hundred and fifty dollars as counsel fees. Upon this verdict a decree was entered, adjudging, among other things, that libellant do recover of the defendant the sum of one hundred and fifty dollars, counsel fees, "as fixed by the jury." Upon the failure of the defendant to pay the counsel fees named in the decree, Mrs. Van Dyke, for the use of her attorney of record, applied to the superior court for a rule calling on the defendant to show cause why he should not pay the attorney's fees fixed by the decree, or, in default thereof, be attached and committed as for a contempt of court. The defendant demurred to this application, on the ground that the collection of counsel fees allowed by the jury in the final verdict in the divorce decree can not be enforced by contempt proceedings. He answered that no action had been taken by the court on the application for temporary alimony, and that this

proceeding is still pending and undetermined; that the decree allowing counsel fees was only to give effect to the verdict of the jury in the divorce case, and was not an adjudication of the right of the libellant to counsel fees as an incident of temporary alimony. The demurrer was overruled, the answer was held to present no sufficient defense, and the rule was made absolute. Exception is taken to this action of the court.

*W. W. Haden,* for plaintiff in error.

*Culberson & Johnson,* contra.

EVANS, J. (After stating the facts.) 1. It has been the constant practice of the courts to embrace counsel fees in the wife's allowance for temporary alimony. These fees are allowed as being necessary to furnish the wife the means with which to test the sufficiency of the grounds contained in her libel for divorce. *Sprayberry* v. *Merck,* 30 *Ga.* 81. Expenses of litigation, which include counsel fees, are a part of the temporary alimony which the court may allow the wife in its order granting her temporary alimony. Civil Code, §2457. And it is generally held that the application for the payment of the expenses and counsel fees of the wife should be made pendente lite and allowed as part of the temporary alimony. 14 Cyc. 761. In the present case the libel for divorce was, before final verdict, amended, without objection, by adding a prayer for the recovery of permanent alimony and counsel fees; and they were recovered in the verdict and decree. No exception was taken to the verdict or the decree. The court had jurisdiction both of the parties and of the subject-matter; and even if the court erroneously allowed a recovery of counsel fees as a part of the permanent alimony, the defendant, by failing to except to this action of the court, was concluded by the judgment. *Crow* v. *American Mortgage Co.,* 92 *Ga.* 815. Mere error in rendering a judgment can not, after the time for excepting has expired, be assigned by a motion to set aside the judgment, or by showing the error in a collateral proceeding. *Baker* v. *Baker,* 113 *Ga.* 378. The answer of the defendant, in which he alleged that counsel fees were improperly allowed in the final verdict and decree in the divorce case, was properly held to be insufficient as establishing the invalidity of the decree as to the counsel fees recovered.

2. The point made by the demurrer is that the provision in the final decree entered in the divorce case, for counsel fees, can not

be enforced by attachment.  The fees allowed were incidental to and part of the permanent alimony decreed to be paid to the wife. The enforcement by attachment of the payment of permanent alimony adjudged in the divorce decree is not an open question in this State.  In *Lewis* v. *Lewis,* 80 *Ga.* 706, the wife had obtained a verdict and decree for a total divorce and for a stated sum for permanent alimony, including counsel fees, and had subsequently applied for an attachment for contempt against the husband because of his failure to comply with the decree in her favor for alimony, which contempt proceeding was resisted by the husband on the ground that the court was without power to attach him for contempt for failing to pay the allowance fixed by the verdict of the jury.  These facts, though not fully set forth in the official report of the case, are disclosed by the record of file in the office of the clerk of this court.  It was there ruled: "When a wife has obtained final decree for alimony and the husband fails to comply therewith, and it is sufficiently shown to the court that this failure does not arise from lack of ability on the part of the husband to comply, it is not error for the court to compel compliance, by an order of attachment directing his imprisonment in the event of his continued disregard of the decree."  Also, in a case where no divorce suit is pending and the husband and wife are bona fide in a state of separation, and alimony has been allowed as provided in the Civil Code, § 2467, its payment may be enforced by attachment.  *Lester* v. *Lester,* 63 *Ga.* 356; *Briesnick* v. *Briesnick,* 100 *Ga.* 57.  The right to enforce payment of permanent alimony by contempt proceedings belongs inherently to a court having jurisdiction of divorce suits; and the demurrer was properly overruled.

3. The plaintiff in error did not in his answer seek to purge himself of contempt because of his inability to pay the fees awarded in the decree.  He resisted making the rule absolute solely because of the alleged invalidity of the decree, and on the ground that, even if it was valid, the collection of the counsel fees therein adjudged could not be enforced by contempt proceedings.  As he was wrong in both of his legal contentions, and did not ask for the discharge of the rule because of inability to comply with the decree, there was no error in making the rule absolute.  *Baker* v. *Baker,* supra.

*Judgment affirmed.  All the Justices concur, except Lumpkin, J., disqualified.*