## KNOX *v.* KNOX.

ATKINSON, J, 1. Counsel fees for representing a wife in an application for permanent alimony are allowable by the judge as expenses of litigation, as temporary alimony is allowed. Civil Code, §§ 2976, 2979; *Creamer* v. *Creamer*, 36 *Ga.* 618; *Sprayberry* v. *Merk*, 30 *Ga.* 81 (76 Am. D. 637); *Glenn* v. *Hill*, 50 *Ga.* 94; *Roberts* v. *Roberts*, 115 *Ga.* 259 (41 S. E. 616, 90 Am. St. R. 108); *Stallings* v. *Stallings*, 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593). But a decree entered upon a verdict which was rendered in favor of a wife on the final trial of an application for permanent alimony, while irregular, is not a mere nullity. *Van Dyke* v. *Dan Dyke*, 125 *Ga.* 491 (54 S. E. 537). Where, in an application for permanent alimony, claim is also made for counsel fees, and on the final trial evidence is admitted before the jury, without objection, in support of a claim for counsel fees, a new trial will not be granted on the ground that the judge instructed the jury in regard to the allowance of such fees.

2. On the trial of an application for permanent alimony, where it was admitted that the parties were married and living in a state of separation, but there was conflicting evidence as to the conduct of the respective parties toward each other in their domestic relations, and as to whether there was cruel treatment by each to the other, so that the question for decision was whether sufficient cause was shown by the plaintiff for remaining away from the home of the defendant (*Rorie* v. *Rorie*, 134 *Ga.* 69, 67 S. E. 410), it was inaccurate to charge the jury: "I charge you, if you find from the evidence that the plaintiff was wholly at fault and the defendant was entirely without fault, and she left him without any reason, he being without fault, then she can not recover any alimony," and "Now if you should determine that question against her, that is, determine that she was wholly at fault, and he was without fault, and she left without any cause, of her own free will, and without any cause, then you would find in his favor generally."

3. In a case of the character mentioned in the preceding notes, it was erroneous to charge: "In the first instance the plaintiff claimed temporary alimony and applied to the court, and the court granted an order for temporary alimony and attorney's fees. That is a matter that need not control you either way and should not control you in your verdict, except in so far as the amount already allowed by the court would be deducted from the amount you might allow." It being a question on the trial whether the wife was entitled to any alimony, or whether her conduct was such as to debar a recovery on her part, the jury should not have been informed what view the presiding judge had taken of that question on the hearing of an application for temporary alimony.　　*Judgment reversed. All the Justices concur.*

EVANS, P. J. I can concur in the judgment; but I dissent from the ruling made in the second headnote. Where a defendant in an alimony suit pleads that the wife was wholly at fault and left him without cause, and testifies to the facts pleaded, it is not error to give the instruction complained of.

FEBRUARY 14, 1913.

Action for alimony. Before Judge Fite. Murray superior court. August 17, 1911.

*W. E. Mann*, for plaintiff. *C. N. King*, for defendant.