## WISE *v.* WISE.

ATKINSON, J. 1. When the case was before the Supreme Court on a former occasion (*Wise* v. *Wise,* 156 *Ga.* 459, 119 S. E. 410), it was stated that error was assigned, "on that portion of the decree which orders that the fees of the attorney for plaintiff be paid out of the property set apart to her by the jury as permanent alimony; the ground of exception being that such fees were chargeable under the law to the defendant." The decision upon this assignment of error was: "In a suit instituted by a wife for a divorce and permanent alimony, where the verdict of the jury grants a final divorce between the parties and awards to the wife specified property, as indicated in the preceding division, as permanent alimony, there is no provision of law which authorizes the judge in rendering a decree on such verdict to direct that the fees of the attorneys for the plaintiff be paid out of the property awarded as permanent alimony." *Held,* that this decision did not hold,

as is now contended, that the judge should have rendered a judgment charging the *defendant* with attorney's fees. All that was held was that the judge erred in directing the payment of attorney's fees *out of property* awarded *to the plaintiff* as permanent alimony.

2. The verdict did not find any amount against the defendant for attorney's fees as a part of the expenses of the litigation (although the petition contained allegations and a prayer on that subject), and did not furnish a basis for a decree for such fees.

3. Counsel fees for representing a wife in an application for permanent alimony are allowable by the judge as expenses of litigation, as temporary alimony is allowed. Civil Code (1910), §§ 2976, 2979; *Knox* v. *Knox*, 139 *Ga.* 480 (77 S. E. 628). This applies whether the application for permanent alimony is made in a suit for permanent alimony alone, or in connection with a suit for a divorce. But the order of the judge allowing attorney's fees in such cases should precede the final verdict. *Van Dyke* v. *Van Dyke*, 125 *Ga.* 491 (54 S. E. 537). If upon a final trial for divorce evidence is admitted, without objection, in .support of an alleged claim for counsel fees, a new trial will not be granted because the judge submitted the question to the jury (*Knox* v. *Knox*, supra); but it does not follow that in a divorce suit where a claim is made for permanent alimony and counsel fees, after final verdict in which no counsel fees were awarded, the judge may by order or decree require the defendant to pay counsel fees. This principle is recognized in *Phillips* v. *Phillips*, 146 *Ga.* 61 (90 S. E. 379).

4. Applying the foregoing, the judge erred, under the facts of this case, in rendering a decree requiring the defendant to pay counsel fees for the plaintiff's expenses of litigation.

*Judgment reversed. All the Justices concur.*

No. 4054. MARCH 13, 1924.

Award of fees. Before Judge Malcolm D. Jones. Bibb superior court. November 6, 1923.

On January 14, 1922, Henriette Wise instituted an action for total divorce against Basil A. Wise, on the ground of cruel treatment. In paragraphs 8, 17, and 18 of the petition it was alleged that the petitioner had no property of her own and no means of earning a livelihood, but was entirely dependent upon the defendant for the necessities of life; that defendant earned, as an officer in the United States Marine Corps, $175 per month, and owned specified realty, personalty, and choses in action, the greater part of which consisted of stocks and notes secured by deeds to real estate and cash in possession of a named person, which could easily be disposed of. In addition to the prayer for a divorce, there were prayers for permanent alimony, for injunction and receiver, and "that she be awarded counsel fees and the expenses of this litigation." The second verdict granted a total divorce and awarded

specific property to the plaintiff, and also required defendant to pay plaintiff as permanent alimony "the sum of $40 per month until the death or remarriage of plaintiff." A decree was entered on the verdict, which among other things directed that a specified sum as fees of the attorney for plaintiff be paid out of the property set apart to her by the jury as alimony. The judgment of the trial court making such provision for payment of attorney's fees was reversed by the Supreme Court. *Wise* v. *Wise,* 156 *Ga.* 459 (119 S. E. 410). After the return of the remittitur the trial court entered a different decree, as follows: "It appearing further that the sum of two hundred and fifty dollars is a reasonable fee for the services of counsel for the plaintiff for prosecuting her case, it is further ordered that the said plaintiff, Mrs. Henriette Wise, do have and recover of said defendant, Basil A. Wise, in addition to the award made to her by the jury, the sum of two hundred and fifty dollars as fees for her counsel, Messrs. Powers and Powers, and that execution do issue therefor." No prior order had ever been granted requiring the defendant to pay attorney's fees; nor had there ever been any application for attorney's fees, save as indicated in the prayers to the original petition upon allegations substantially as above indicated. In a direct bill of exceptions error was assigned on the above portion of the decree, on the ground that it is contrary to law, because at the time of the rendition of the decree the court "was without jurisdiction to fix and assess against said defendant any sum as attorney's fees, such attorney's fees being, in their nature, temporary alimony, and the marital relation between the parties no longer existing."

*Charles H. Hall,* for plaintff in error.

*Powers & Powers,* contra.