*Blackshear & Harrell,* for defendants.

---

## DURHAM *v.* DURHAM.

1. "Counsel fees for representing a wife in an application for permanent alimony are allowable by the judge as expenses of litigation, as temporary alimony is allowed." *Knox* v. *Knox,* 139 *Ga.* 480 (77 S. E. 628), and cit.

2. Where suit is brought by a wife against her husband for permanent alimony while they are in a bona fide state of separation, and there is no suit for divorce pending; and where on the trial of the case permanent alimony is allowed in a verdict by the jury; and where on the day following the verdict, and before a decree has been entered for permanent alimony in accordance with the verdict, an application is made to the judge for attorney's fees, which are allowed by the judge and a decree entered both for the alimony and the attorney's fees, such allowance of attorney's fees is not void, under the facts of the case, on the ground that the judge was without jurisdiction to hear the application and determine the amount of attorney's fees, for the reason that the application for attorney's fees should have preceded the verdict. The cases of *Wise* v. *Wise,* 157 *Ga.* 814 (3) (122 S. E. 210), and *Luke* v. *Luke,* 159 *Ga.* 551 (126 S. E. 374), and the cases there cited, are distinguishable from the instant case.

3. The trial judge did not err in declining to continue the hearing on the application for attorney's fees, under the facts of the case.

No. 4571.   JUNE 24, 1925.

Alimony, etc.   Before Judge Irwin.   Douglas superior court. September 19, 1924.

*J. J. Barge,* for plaintiff in error.

*J. S. James* and *J. H. McLarty,* contra.

HILL, J.   Mrs. Nodie Durham filed her petition against her husband, for permanent alimony, alleging that on account of his cruel treatment she was forced to separate herself from him and to further decline to live with him as his wife; and that they were living in a bona fide state of separation. She prayed for temporary and permanent alimony and attorney's fees. The defendant filed his answer and denied all the allegations of cruelty charged against him. The jury, to which the case was submitted on September 16, 1924, returned a verdict for the plaintiff for

$500 as permanent alimony. On September 17, 1924, plaintiff's attorneys asked the court for an allowance of attorney's fees for their services rendered to the plaintiff. The defendant's counsel objected to the court hearing the question of attorney's fees at that time, for the reason that the court lost jurisdiction of the question of temporary alimony and attorney's fees for the plaintiff when the verdict of the jury was rendered. The court overruled the objections; to which ruling the defendant excepted. Defendant's counsel then stated to the court that he was not ready for the hearing; that the defendant was not in court; that he was entitled to five days' notice on the hearing for temporary alimony and attorney's fees; and that such notice had not been given, nor had any notice of a hearing been given to the defendant. The court overruled these objections, and heard testimony as to the value of the services of plaintiff's attorneys in representing her in the suit; to which ruling the defendant excepted. The hearing then proceeded; and evidence was submitted, which was objected to on the ground that the case was terminated by the verdict of the jury, and no case was then pending to authorize the court to hear an application for attorney's fees, which objection was overruled, and the defendant excepted. On September 19, 1924, the court entered judgment for $300 attorney's fees in favor of the plaintiff against the defendant; to which judgment the defendant excepted.

This is the second time the present case has been before this court. *Durham* v. *Durham,* 156 *Ga.* 454 (119 S. E. 702). The case was sent back for another hearing, because the court erred in failing to give, in the course of its instructions, a definition of cruelty or cruel treatment as those terms are defined in the law. When the case was returned for trial the jury returned a verdict for the plaintiff against the defendant for the sum of $500 as permanent alimony. On the following day application was made to the court by counsel representing the plaintiff, for attorney's fees, which was allowed by the court, and the same was entered in the decree along with the amount awarded by the jury as permanent alimony. One of the questions to be determined is whether the judgment of the court allowing the attorney's fees after the verdict of the jury, but which was made a part of the same decree allowing permanent alimony, was too late, as insisted

by the plaintiff in error. In *Wise* v. *Wise,* 157 *Ga.* 814 (3) (supra), this court held: "Counsel fees for representing the wife in an application for permanent alimony are allowable by the judge as expenses of litigation, as temporary alimony is allowed. Civil Code of 1910, §§ 2976, 2979; *Knox* v. *Knox,* 139 *Ga.* 480 (77 S. E. 628). This applies whether the application for permanent alimony is made in a suit for permanent alimony alone or in connection with a suit for a divorce. But the order of the judge allowing attorney's fees in such cases should precede the final verdict. *VanDyke* v. *VanDyke,* 125 *Ga.* 491 (54 S. E. 537). If, upon a final trial for divorce evidence is admitted, without objection, in support of an alleged claim for counsel fees, a new trial will not be granted because the judge submitted the question to the jury (*Knox* v. *Knox,* supra); but it does not follow in a divorce suit, where a claim is made for permanent alimony and counsel fees, after final verdict, in which no counsel fees were awarded, the judge may by order or decree require the defendant to pay counsel fees. This principle is recognized in *Phillips* v. *Phillips,* 146 *Ga.* 61 (91 S. E. 379)." See also *Luke* v. *Luke,* 159 *Ga.* 551 (126 S. E. 374), where the above ruling was followed and approved.

What was said in the *Wise* case and the *Luke* case, supra, to the effect that the rule which requires that the order of the judge allowing attorney's fees should precede the final verdict, whether the application for attorney's fees is made in a suit for permanent alimony alone or in connection with a suit for divorce, was not necessary to a decision in those cases, so far as it applied to a case where the suit was for permanent alimony alone, for the reason that in neither of those cases was the suit for permanent alimony alone, but they were suits for divorce and verdicts had been rendered in those cases granting a divorce; and therefore, under the ruling in those cases the plaintiff and defendant were no longer man and wife; the litigation had been ended, and of course in such cases the application for attorney's fees ought to have preceded the end of the litigation. But in the instant case there was no suit for a divorce, and a verdict for permanent alimony in favor of the plaintiff against the defendant had been rendered, and before the decree was entered for the permanent alimony the plaintiff made her motion for attorney's fees, which was allowed and included in

the decree for permanent alimony, although it was after the rendition of the verdict. In these circumstances we are of the opinion that the present case is distinguishable from the *Wise* and *Luke* cases, supra, and the decisions there cited, and therefore that the court below did not err in hearing the application and decreeing, under the facts of the case, attorney's fees for the plaintiff against the defendant. Civil Code (1910), §§ 2976, 2979; *Knox* v. *Knox,* 139 *Ga.* 480 (supra) ; 1 R. C. L. 911, § 59 et cit.

We are also of the opinion that the court did not err in refusing to continue the hearing of the application for attorney's fees, under the facts of the case. It is insisted that the defendant was entitled to three days' notice of the application for attorney's fees; but it will be observed, as already pointed out, that the case had been twice tried; in the first case attorney's fees had been allowed, but a new trial had been granted, and when the case went back for a second hearing the defendant was bound to know that the plaintiff was insisting upon an allowance for attorney's fees and that that hearing would be before the judge and not before the jury. The motion for continuance was not based upon the ground that the defendant was providentially hindered from being present, and that his attorney, who made the motion, could not safely go to trial without his client, as provided by § 5717 of the Civil Code of 1910. It was the duty of the defendant to be present in court until the hearing on all branches of the case was finally terminated, and the showing made for a continuance did not come up to the rule in such cases; and therefore the trial judge did not err in refusing to continue the hearing on the question of an allowance of attorney's fees.

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., dissenting, and Gilbert, J., absent for providential cause.*

RUSSELL, C. J., concurring specially. I am as much of the opinion that the ruling of this court in *Wise* v. *Wise,* 157 *Ga.* 814 (3) (supra), is sound law as I was at the time I agreed to the decision. It is also, I think, perfectly plain that there is no conflict between the principle announced in *Wise* v. *Wise,* and the ruling announced in *Luke* v. *Luke,* 159 *Ga.* 551 (supra), in which the writer delivered the unanimous opinion of the court. However, I see a marked distinction between the issues presented in

the *Wise* and *Luke* cases and the question presented for adjudication in the case at bar. Under the rulings of the *Wise* and *Luke* cases, in which total divorces were granted, no proceeding initiating a demand for alimony or in any way altering or affecting the right of a former wife to alimony, or the liability of a former husband to pay alimony, can arise or be considered by the court, because the decree granting a total 'divorce between the parties has extinguished at once the rights of the wife and the liability of the husband, and the marital relation is entirely dissolved and destroyed. Always the right to alimony must rest upon an existing conjugal relation. When that relation is terminated there can be no further adjudication or proceeding with reference to alimony. In the case at bar, however, there is no suit for divorce. The proceeding was merely a suit for permanent alimony; and though the application for counsel fees was made the day following the verdict, it was before any decree had been entered by the court giving effect to the finding of the jury for $500 permanent alimony on behalf of the wife. A decree is necessary to give force and effect to the verdict; strictly speaking, the trial of the cause had not terminated. In my opinion it was within the power of the chancellor to fix and award reasonable attorney's fees in behalf of the wife, as a necessary provision to enable her to carry on the case. He heard evidence and included this necessary provision in the decree along with the finding for alimony returned by the jury. The assignments of error do not question the right of the judge of the superior court to award attorney's fees because it was not submitted at the same time and to the same jury as passed upon the question of permanent alimony. A different question would be presented if that contention was presented in the present record. (Though under the Civil Code, § 2976, a judge of the superior court, sitting as a court of equity, may, after hearing a case for alimony, award reasonable and proper attorney's fees without submitting that issue to a jury.) However, in this case, with the marital relation still undissolved, the principle upon which the cases of *Wise* v. *Wise,* and *Luke* v. *Luke* were based has no bearing. It is plain that after the marriage relation is dissolved there is no liability of any kind upon an ex-husband for either alimony or attorney's fees; whereas in the present case the married pair, though living separate and apart, are still husband and

wife. For this reason I think the trial judge properly refused to continue the hearing, and that he did not abuse his discretion in the amount of counsel fees allowed in this long continued litigation.

HINES, J., dissenting. It seems to me that the ruling in *Wise* v. *Wise*, 157 *Ga.* 814 (3) (supra), is in conflict with the rule laid down in the second headnote in this case. The decision in *Wise* v. *Wise* was by a full bench, and is controlling. There does not seem to me to be any conflict between the ruling in *Wise* v. *Wise* and the principle announced in the first headnote in *Luke* v. *Luke*, 159 *Ga.* 551 (supra). In the latter case a supplemental petition for additional attorney's fees was heard pendente lite, in pursuance of a previous order of the court expressly reserving the right to grant additional attorney's fees; and after hearing evidence upon such supplemental petition the judge, with consent of counsel, reserved his judgment until a later date. Besides, the judgment allowing additional attorney's fees was rendered upon the same day as the decree based upon the verdict awarding permanent alimony. So there is no conflict between the ruling in *Wise* v. *Wise* and that in *Luke* v. *Luke*. As the ruling in *Wise* v. *Wise* seems to me to be in direct conflict with the above ruling in this case, I feel constrained to dissent. I am authorized by Justice Atkinson to say that he concurs in this dissent.