## FEDERAL INVESTMENT COMPANY *v.* EWING.

1. Where a case made by petition for equitable relief, with a cross-action by the defendant praying for judgment in a stated sum, was submitted to the judge without a jury, his finding for the plaintiff on both the original petition and the cross-action was a final judgment, and its affirmance by the Supreme Court adjudicated all matters in issue or that might legally have been put in issue.
2. Affirmance of the judgment without condition or direction left the trial court without jurisdiction to entertain or pass on a "special plea" filed after the judgment of affirmance.
3. Omission to enter the remittitur on the minutes of the trial court did not alter or modify the legal effect of the judgment of affirmance.
4. Where before entry of the remittitur the defendant filed a so-called extraordinary motion for new trial, no ground of which met the requirements of law relating to such a motion, there was not error in overruling it.
5. Decisions where the judgments were reversed and the cases were remanded for further proceedings in the trial courts are not applicable.

No. 6488. APRIL 13, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. February 1, 1928.

*R. R. Jackson* and *C. E. Moore,* for plaintiff in error.

*Taylor Smith,* contra.

GILBERT, J. Ewing brought suit against the Federal Investment Company, praying for an accounting, for cancellation of described evidences of indebtedness, and for an injunction. The defendant answered, and also filed a counter-action praying for a judgment for $38 on account of sale and assignment of salary due plaintiff as an employee of the Georgia Railway & Power Company. The facts were agreed upon, and the case was submitted to the court without the intervention of a jury. The court found for the plaintiff on both the suit and the cross-action, and the de-

fendant excepted. This court affirmed the judgment. *Federal Investment Co.* v. *Ewing,* 165 *Ga.* 435 (141 S. E. 65). Upon the receipt and filing of the remittitur by the clerk of the superior court, the plaintiff in error obtained from the judge presiding an order, viz.: "Judgment on this remittitur stayed by extraordinary motion and supersedeas." Before the judgment of the Supreme Court was made the judgment of the superior court the Federal Investment Company filed what is denominated as an "extraordinary motion for a new trial." A rule nisi was ordered. The "extraordinary motion for a new trial" was amended by adding thereto an agreed statement of facts, tending to show that movant had paid all taxes and license fees and had registered as required by law; also that the facts of the case were as stated in the cross-action. Federal Investment Company also at the same time filed "a special plea raising questions of constitutional law, Federal and State, and of facts." For reasons appearing below, it is useless to state the numerous grounds of the "special plea." The remittitur having been filed, but no judgment having been rendered making the judgment of the Supreme Court the judgment of the superior court, the latter court overruled the motion and denied a new trial. The present exception is to the last-named judgment.

1. The judgment first rendered in the trial court in favor of Ewing, affirmed by this court, was a final judgment, and it adjudicated all matters in issue or which, under the rules of law, might have been put in issue. Civil Code (1910), § 4336.

2. When the case was formerly before this court the judgment of the trial court was affirmed without direction or condition. As the result of that ruling, the "case was entirely out of court," and the superior court was without jurisdiction to entertain, or render judgment upon, a "special plea" filed, as shown above, subsequently to the affirmance by the Supreme Court. *Central R. Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525) ; *Benning* v. *Horkan,* 123 *Ga.* 454 (51 S. E. 333) ; *Kehr* v. *Floyd,* 135 *Ga.* 424 (69 S. E. 550).

3. The remittitur was received and filed by the clerk of the trial court, but the judgment of this court was not made the judgment of that court. These facts did not modify or alter the legal effect of the affirmance. The failure to enter the remittitur on the

minutes would not have that effect. *Goldsmith* v. *Georgia R. Co.,* 62 *Ga.* 542, 544; *Kehr* v. *Floyd,* supra.

4. None of the grounds of the motion for new trial with which we now deal could be considered as falling within the requirements of a motion based on "extraordinary" grounds. Civil Code (1910), § 6092. Nor does it appear that the movant has complied with any of the requirements essential to such a motion. Such motions, even in criminal cases, are not favored. *Coggeshall* v. *Park,* 162 *Ga.* 78, 80 (132 S. E. 632), and cit.

5. Plaintiff in error obviously proceeds upon the erroneous theory that the case, after the decision by this court and after the remittitur was received and filed in the trial court, was still open in that court, relying upon *Roebling's Sons Co.* v. *Southern Power Co.,* 145 *Ga.* 761 (89 S. E. 1075), and *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (115 S. E. 648). Neither of those cases is applicable. They, and others like them, refer to cases where the judgment of the trial court has been reversed and set aside, and the cases are thus remanded for further proceedings. In the present case there was a final judgment rendered upon the merits of the case, which has never been set aside, but on the contrary has been affirmed. "If the judgment below is affirmed, upon filing the remitter with the clerk of the superior court in vacation, the supersedeas shall cease, and execution shall issue at once for the amount of the original judgment." Civil Code (1910), § 6217.       *Judgment affirmed. All the Justices concur.*