## HARRISON v. HARRISON.

WYATT, J. Upon the trial of a suit for divorce and alimony, filed by the plaintiff in error against the defendant in error based upon alleged cruel treatment, the evidence was in conflict as to the cause of the separation. The jury granted the plaintiff in the court below a divorce and removed the disabilities of the defendant. The evidence disclosed that the husband earned $496 per month. The jury awarded no alimony for the support of the wife, but did award $62.50 per month each for the support of two minor children, ages six and eight years, until they reached the age of 18 years, or until they married. *Held*:

1. A motion to modify or set aside the verdict and judgment—alleging (1) that the health of the wife had been "seriously affected" by the cruel treatment of the husband, and he should be required to pay for necessary medical treatment; (2) that the husband should be required to pay for necessary training in order to prepare the wife to obtain employment; (3) that the wife's mother had been rendered an invalid because of worry on account of the cruel treatment of the wife by the husband, and was therefore unable to care for the children while the wife worked, and the husband should be required to pay for help to care for the children; (4) that the sum of $125 per month is inadequate to support the two children; (5) that the verdict only required the husband to support the children until they reached the age of 18 years, when he should be required to support the children until they reached the age of 21 years; there being no complaint of the admission of testimony or of the charge of the court—set forth no "good and sufficient" grounds for the modification or setting aside of such verdict and judgment, as required by the provisions of Code, § 30-101. See *Gault* v. *Gault*, 204 *Ga.* 205 (48 S. E. 2d, 819); *Dixon* v. *Dixon*, 204 *Ga.* 363 (49 S. E. 2d, 818); *DeGouras* v. *DeGouras*, 205 *Ga.* 362 (53 S. E. 2d, 759); *Carnegie* v. *Carnegie*, 206 *Ga.* 77 (55 S. E. 2d, 583), as to what constitutes "good and sufficient cause." See *Barlow* v. *Barlow*, 161 *Ga.* 202 (129 S. E. 860), and *Mell* v. *Mell*, 190 *Ga.* 508 (9 S. E. 2d, 756), as to the right of the jury to limit payment of alimony for the support of minor children to the age of 18 years. It follows, there was no error in the judgment denying the motion to modify and set aside the verdict and judgment.

*Judgment affirmed. All the Justices concur.*

No. 17258. OCTOBER 11, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Bell & Bell* and *Roy B. Rhodenhiser Jr.*, for plaintiff.
*Thomas A. Jacobs*, for defendant.