## · HARRISON v. HARRISON.

HAWKINS, Justice. 1. The general rule is that fees for services rendered by an attorney must be paid by the person who employs him (*Hill* v. *Bush*, 206 *Ga.* 543, 57 S. E. 2d, 670), and are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute—such as in suits on promissory notes, where the note provides for the payment of attorney's fees and proper notice of intention to sue is given as required by Code § 14-202 (5) and Code (Ann. Supp.) § 20-506; or where the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense (Code, § 20-1404); or in claim cases, where the fees of the attorney causing the levy and prosecuting the rights of the plaintiff in fi. fa. are payable from the proceeds of the property condemned, as provided in Code § 9-612; or in suits on insurance policies, where the company's refusal to pay the loss is in bad faith, as provided in Code § 56-706; or in proceedings under the Workmen's Compensation Act, as provided in Code § 114-711 and Code (Ann. Supp.) § 114-714; or in actions against common carriers or other parties subject to the jurisdiction of the Public Service Commission, for loss, damage, or injury caused by wilful violation of law or rules of such commission, as provided in Code § 93-415; or for the prosecution of citations for contempt for failure to pay alimony, as provided by Code (Ann. Supp.) § 30-219.

2. In alimony, or divorce and alimony proceedings, attorney's fees in favor of the wife against the husband are not allowed as such, but as an intrinsic part of temporary alimony awarded for the purpose of enabling the wife to contest the issues between herself and her husband. *Van Dyke* v. *Van Dyke*, 125 *Ga.* 491, 493 (54 S. E. 537); *Luke* v. *Luke*, 154 *Ga.* 800 (2) (115 S. E. 666); *Coleman* v. *Coleman*, 205 *Ga.* 92 (52 S. E. 2d, 438); *Alford* v. *Alford*, 189 *Ga.* 630 (7) (7 S. E. 2d, 278). Where, as in this case, temporary· alimony and attorney's fees are awarded to the wife pending the divorce case, and upon the final trial a divorce is granted and permanent alimony awarded to the wife for the support of the minor children, and a proper final decree entered, which, on review, is affirmed by this court (*Harrison* v. *Harrison*, 207 *Ga.* 393, 61 S. E. 2d, 837), the trial court is thereafter without jurisdiction, on motion or petition of the wife in that case, to award additional attorney's fees for services rendered by her counsel in the preparation and prosecution of her motion to set aside the verdict and decree, and of a writ of error in the Supreme Court to review the judgment overruling such motion. This is true for the reason that the right to temporary alimony, including attorney's fees, rests upon an existing conjugal relation; and a final verdict and decree of divorce having been granted to the parties prior to the institution by the former wife of the ancillary motion or petition for attorney's fees, the marital relation was entirely dissolved and destroyed, thereby extinguishing the rights of the former wife to recover and the liability of the former husband to pay temporary alimony. *Luke* v. *Luke*, 159 *Ga.* 551 (126 S. E. 374); *Wise* v. *Wise*, 157 *Ga.* 814 (122 S. E. 210);

*Durham* v. *Durham,* 160 *Ga.* 586 (128 S. E. 788); *Glenn* v. *Hill,* 50 *Ga.* 94; *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992).

3. The judgment of affirmance by this court was a final disposition of the case, whether or not the remittitur from this court had been made the judgment of the trial court. *Goldsmith* v. *Georgia Railroad Co.,* 62 *Ga.* 542; *Kehr* v. *Floyd & Co.,* 135 *Ga.* 424 (69 S. E. 550); *Federal Investment Co.* v. *Ewing,* 166 *Ga.* 246 (142 S. E. 890).

4. The trial court did not err in sustaining the demurrer and motion to dismiss the ancillary motion or petition for the allowance of additional attorney's fees, filed by the former wife in the divorce and alimony proceeding, upon the ground that the trial court was without jurisdiction to award such attorney's fees after such final verdict and decree awarding a divorce to the parties had been affirmed by this court upon exceptions to the overruling of a motion to set aside the verdict and decree.

*Judgment affirmed. All the Justices concur.*

No. 17441. Submitted April 10, 1951.—Decided May 14, 1951.

*Roy B. Rhodenhiser Jr.,* and *Bell & Bell,* for plaintiff.
*T. Arnold Jacobs,* for defendant.