22411. POSNER v. POSNER.

ARGUED MARCH 10, 1964—DECIDED APRIL 13, 1964.

*Robert S. Carpenter, A. Tate Conyers,* for plaintiff in error.
*A. David Kahn,* contra.

GRICE, Justice. We construe an alimony decree to determine whether payment of a mortgage indebtedness by an assuming grantee terminated the former husband's liability under such decree to make periodic payments to the former wife.

The former wife, Dorothy M. Posner, filed a rule for contempt against her former husband, Jack R. Posner, in Fulton Superior

Court, alleging that he had failed to comply with the decree in their divorce and alimony case in that he had not made two monthly payments of $94.95.

The decree in question, based upon a jury verdict, provided in substance as follows: that he convey to her certain described real property on which there was a residence, subject to a "first mortgage" in favor of a named concern for a balance of $13,861.21, payable in monthly installments of $94.95; that he clear the title to such property of all other liens; that title to the household and kitchen furniture and furnishings and other personal property located in such residence vest in her. Also, of particular significance, the decree ordered him "to pay as permanent alimony for . . . [her benefit] the sum of $94.95 per month, payable on the first of each month hereafter until . . . [she] shall remarry or the first mortgage . . . shall have been satisfied. ( . . . [She] shall apply the $94.95 per month which she receives as permanent alimony to a reduction of the mortgage within a reasonable time after receipt of such payments from . . . [him.])" Also included were periodic payments for the benefit of the two minor children.

Thereafter, according to the stipulated evidence, the former wife sold the property to a third party, who refinanced in his own name, paid off the balance then due on the mortgage, and had it canceled of record.

The former wife brought the rule to enforce payment of the $94.95 monthly alimony for the two months since the sale, contending that, under the decree, so long as she does not remarry, the former husband must pay her that sum each month until he has paid her the amount of the balance on the mortgage. He defended by contending that the payment of that balance by the purchaser and the cancellation of the mortgage terminated his duty under the decree to make such monthly payments to her.

The trial court, under these facts, adjudged the former husband in contempt, with the opportunity to purge himself by paying the arrearages, holding that the decree required him to continue the monthly payments until the amount of the mortgage balance had been paid to her, or until she remarried.

Error is assigned upon that judgment.

The former husband contends, in essence, that the decree did not

intend to give the former wife alimony as such, but meant only to continue the use of the residence for her and the children, and that the wife, by her voluntary act of sale, made it impossible for her to apply the payments to the mortgage debt as the judgment required. His position is that in view of these facts, he is relieved of making further payments. This contention is, in effect, that satisfaction of the mortgage by anyone would end his duty to make payments to the former wife.

We do not so construe the decree.

Rather, we construe the language of the decree ordering the former husband "to pay as permanent alimony for  .  .  .  [the former wife's benefit] the sum of $94.95 per month  .  .  .  until  .  .  .  [she] shall remarry or the first mortgage  .  .  .  shall have been satisfied" as awarding alimony to her in a fixed sum of money. That such, rather than mere satisfaction of the mortgage, was contemplated is evidenced by the fact that the decree ordered the former husband to convey the property to her "subject to" this mortgage, while requiring him to satisfy all other liens on the property. Instead of ordering him to satisfy this mortgage, the decree directed him to make monthly payments of $94.95 to her until she remarried or the mortgage was satisfied. The parenthetical direction in the decree that she apply this sum to reduction of the mortgage merely assured its reduction in the amount of the payments made by him so as to reduce accordingly the balance he must pay. There is no indication of any intent that, upon sale of the property by her and payment of the balance of the mortgage by the purchaser, the monthly payments to her were to terminate.

Therefore, we agree with the trial judge's conclusion that the former husband was in contempt for not continuing the monthly payments subsequent to the sale, and his judgment is

*Affirmed. All the Justices concur.*