### 22678. POSNER v. POSNER.

MOBLEY, Justice. 1. The rule for contempt for failure to pay alimony is predicated upon the judgment in the divorce case ordering the husband to pay alimony, and the "contempt proceeding is an incident of the alimony suit." *Goodrum v. Goodrum,* 202 Ga. 135 (4) (42 SE2d 450); *Bilbo v. Bilbo,* 167 Ga. 602, 603 (146 SE 446); *Blackburn v. Blackburn,* 201 Ga. 793 (1) (41 SE2d 519). Thus, this court has jurisdiction of the contempt proceeding.

2. The wife brought contempt proceedings against the husband alleging failure to pay alimony due by virtue of a final decree for divorce and alimony. In his response thereto the husband contended that the alimony was not due for stated reasons. The trial court adjudged the husband in contempt, and on appeal to this court that ruling was affirmed. *Posner v. Posner,* 219 Ga. 814 (136 SE2d 340). In the contempt proceeding in the trial court, the court awarded $300 on account, for attorney's fees.

Before the judgment of this court was made the judgment of the trial court, the wife filed her petition, which is what is before us, asking for additional attorney's fees for services rendered on the appeal of the case to the Supreme Court. The husband made an oral motion to dismiss the petition on the grounds that it set forth no ground upon which the relief sought could be granted and that there was no case pending in the trial court upon which a judgment could be rendered. After hearing, the trial court awarded the wife $200 additional fees.

The only question presented is whether the trial judge erred in failing to sustain the motion to dismiss the petition for the additional attorney's fees.

Prior to the adoption of *Code Ann.* § 30-219 (Ga. L. 1947, p. 292), the court clearly would not have had authority to grant the additional attorney's fees, for it is well established by decisions of this court that attorney's fees are a part of temporary alimony awarded for the purpose of enabling the wife to contest the issues between herself and her husband, and where a final decree is entered awarding the wife alimony and a divorce, the trial court is thereafter without jurisdiction to award additional attorney's fees. See *Harrison v. Harrison*, 208 Ga. 70 (65 SE2d 173), where this court in holding that, gave as its reason therefor that "the right to temporary alimony, including attorney's fees, rests upon an existing conjugal relation; and a final verdict and decree of divorce having been granted to the parties prior to the institution by the former wife of the ancillary motion or petition for attorney's fees, the marital relation was entirely dissolved and destroyed, thereby extinguishing the rights of the former wife to recover and the liability of the former husband to pay temporary alimony." See also *Luke v. Luke*, 159 Ga. 551 (126 SE 374); *Wise v. Wise*, 157 Ga. 814 (122 SE 210); *Durham v. Durham*, 160 Ga. 586 (128 SE 788); *Glenn v. Hill*, 50 Ga. 94; *Hall v. Hall*, 141 Ga. 361 (80 SE 992).

However, the Act of 1947 (*Code Ann.* § 30-219) was apparently enacted for the express purpose of permitting attorney's fees to the wife in a contempt action brought for failure to pay an alimony award after the divorce decree has become final, for it provides that "In all cases wherein alimony has been awarded . . . and the defendant shall have failed to pay such alimony and he shall be cited for contempt before the

court for having failed to make payment of such alimony, if upon hearing of such proceedings it is found that the husband has failed to pay the alimony awarded against him . . . for no justifiable reason, the court shall award to the attorney for the wife . . . in such proceedings a reasonable fee . . . against the defendant. . ." This section clearly authorizes the award of attorney's fees in a contempt proceeding brought to force a husband to pay alimony awarded, where he has no justifiable reason for failing to make the payments awarded after there has been a final divorce decree for the language, "In all cases where alimony has been awarded," is all inclusive.

The original award of $300 attorney's fees was "on account," that is for services rendered in the contempt proceeding to that date. There is no argument about that. It was paid. The $200 was awarded for services rendered on appeal of the case to the Supreme Court. The statute authorizes an award of attorney's fees, where the failure to pay is for no justifiable reason. The issue of "justifiable reason" was not finally determined until the judgment of the trial court was affirmed by this court. The contempt citation was a pending proceeding until terminated by the judgment of the Supreme Court, and under the statute the judge was authorized to award attorney's fees for services rendered from the beginning of the citation to its final conclusion.

It should be noted that the *Harrison* case, supra, decided in 1951 after enactment of *Code Ann.* § 30-219 (1947), did not involve a contempt citation and the section would not be applicable to the facts in that case.

3. As pointed out in Headnote 1, the contempt proceeding is predicated upon the judgment awarding alimony and is incident to that case; however, *Code Ann.* § 30-219 expressly authorizes an award of attorney's fees for the wife bringing the contempt action, and a petition for allowance of such fees is incident to the contempt proceeding and will lie.

4. The trial court did not err in awarding the wife attorney's fees for services of her attorneys in representing her in the contempt proceeding in the Supreme Court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964— REHEARING DENIED DECEMBER 3, 1964.

*Robert Carpenter, A. Tate Conyers,* for plaintiff in error.
*Nall, Miller, Cadenhead & Dennis, A. David Kohn,* contra.