### 24001. VAUGHAN v. VAUGHAN.

ARGUED MARCH 14, 1967—DECIDED APRIL 6, 1967—
REHEARING DENIED APRIL 20, 1967.

*Holcomb & McDuff, Frank D. Holcomb, Robert E. McDuff,* for appellant.

*Vernon W. Duncan, Duncan & Gary,* for appellee.

COOK, Justice. Jesse P. Vaughan filed a divorce action against Mary E. Vaughan, on the ground of cruel treatment, and sought custody of their three minor children. Mrs. Vaughan filed an answer and cross action, alleging cruel treatment, and prayed that she be granted a divorce, alimony, attorney's fees, custody of the minor children, and alimony for the support of the minor children. At the conclusion of the evidence the trial judge, who heard the case without a jury, granted a divorce to the plaintiff and awarded him custody of the minor children, with visitation rights in the defendant. He ordered the plaintiff to pay $1,250 as attorney's fees for the defendant's attorneys, and $685.79 to reimburse her for medical expenses. The defendant appealed from this order, and in her enumeration of errors asserted that the judge committed error in granting a divorce to the plaintiff; in failing to grant a divorce to her; in awarding custody of the minor children to the plaintiff; and in failing to award alimony to her.

■ There was no evidence to support the grant of a divorce to the plaintiff (appellee) on the ground of cruel treatment. He testified in part: His wife left their home in Acworth, Georgia, on March 11, 1965, without his knowledge that she was planning to leave, and went to her mother's home in Belle Mina, Alabama, taking the youngest child with her, and leaving the two older children in school. She had returned to their home a few days prior to this date, after being in a hospital for slightly more than five weeks, where she had been treated for a mental problem. The doctor had described her condition as manic depressive. The appellee did not think his wife was well when she came home from the hospital. He first noticed her mental problem sometime after the youngest child was born. She became much less active, and would not attend church or engage in other activities. Her condition became worse. In the latter part of October, 1964, she went to the home of her sister in Greensboro, Alabama, and stayed there for about five weeks,

under the care of her sister's husband, a medical doctor. This doctor told him that his wife was mentally depressed and needed treatment by a psychiatrist. His wife's attitude toward him was quite hostile at the time she entered the hospital in January, 1965. They had no quarrel prior to his wife leaving on March 11, 1965. After his wife went to Alabama on this date, she underwent further medical treatment.

The remaining testimony of the appellee added nothing to substantiate his charge of cruel treatment. It appeared from his testimony that he felt that his wife's mother had interfered with their marriage, and he apparently had strong resentment toward her. Such interference by the wife's mother could not be attributed to the wife as cruel treatment. He testified that his health was affected by his wife leaving him, but his testimony showed clearly that she was still ill at the time she left.

Cruel treatment, as a ground of divorce, is "the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." *Code Ann.* § 30-102. "Without the element of wilfulness, there can be no cruel treatment which will authorize the grant of a divorce upon that ground. *Code* § 30-102; *Ring v. Ring,* 118 Ga. 183 (1) (44 SE 861)." *Hilburn v. Hilburn,* 210 Ga. 497, 501 (81 SE2d 1). Since the appellee's testimony showed that the cruel treatment of which he testified (if any of his testimony could be construed as showing cruel treatment) was at a time when his wife was mentally ill, his testimony did not show that he was entitled to a divorce. There was no testimony by any other witness showing wilful cruel treatment of the appellee by the appellant. It was therefore error to grant a divorce to the appellee.

■ The evidence was in conflict on the question of whether the appellant was entitled to a divorce on her cross action, and the judge did not abuse his discretion in failing to award her a divorce and alimony.

■ The award of custody of the minor children was incident to the divorce granted to the appellee. Since the divorce was erroneously granted, the trial judge was without power to fix custody and control of the minor children of the parties, and

his judgment awarding them to the appellee was, for this reason, erroneous. *Black v. Black,* 165 Ga. 243 (4) (140 SE 364); *Harmon v. Harmon,* 209 Ga. 474 (4) (74 SE2d 75).

*Judgment affirmed in part; reversed in part. All the Justices concur.*