24914. KAY, Administrator v. VAUGHAN.

SUBMITTED NOVEMBER 12, 1968—DECIDED DECEMBER 5, 1968—
REHEARING DENIED DECEMBER 19, 1968.

Edwards, Bentley, Awtry & Parker, Donald A. Mangerie, for appellant.

Duncan & Bach, Vernon W. Duncan, for appellee.

MOBLEY, Justice. In an action for divorce and custody of children brought by the husband and a cross action by the wife asking for divorce, temporary and permanent alimony, and custody of children, the husband was granted a divorce, the wife was permitted to remarry, custody of the children was granted to the husband, and the wife was awarded $1,250 as attorney's fees. The wife appealed from that judgment, enumerating as error the portions adverse to her. This court affirmed the judgment in part and reversed it in part, holding that the evidence did not support the divorce for the husband, that it was not error, on conflicting evidence, to deny the wife's petition for divorce, and that the judge was without power to grant custody of the children in view of the error in granting the husband a divorce. No ruling was made on the award of attorney's fees. See *Vaughan v. Vaughan*, 223 Ga. 298 (154 SE2d 592).

Thereafter the administrator of the wife brought a petition for citation for contempt against the husband for failure to pay the attorney's fees. The husband filed an answer and motion to dismiss, asserting that there was no valid and subsisting order requiring the payment of attorney's fees because the judgment containing the order to pay such fees was reversed by this court; and that even if there was a valid order, the wife had died and the order could not be enforced by a citation for contempt by the wife's administrator. The husband also filed a plea of res judicata on the ground that on May 2, 1967 (a few days after rehearing was denied in the former case in this court), the husband filed another action for divorce against his wife, which resulted in a judgment for divorce in his favor, and that this judgment settled all issues between the parties. The trial judge sustained the motion to dismiss and plea of res judicata and declared that the judgment reviewed by this court is null and void. The appeal is from this judgment.

■ While a decree granting permanent alimony incidental to a decree of divorce is without legal force and effect and is void

where no valid divorce was granted in the cause (*Harmon v. Harmon*, 209 Ga. 474 (3) (74 SE2d 75)), the same is not true as to an award of attorney's fees, which is made to the wife for the purpose of enabling her to contest the issues between herself and her husband. *Brown v. Brown*, 224 Ga. 90 (160 SE2d 343).

When the judgment which awarded the attorney's fees was before this court for review, the husband did not make any question by cross appeal that the grant of attorney's fees should not properly be included in the final judgment, nor did he attack the allowance of the attorney's fees on any ground, and he is now concluded by that judgment. *Van Dyke v. Van Dyke*, 125 Ga. 491 (1) (54 SE 537).

The judgment of the lower court which awarded attorney's fees was not reversed generally, but was reversed in part and affirmed in part, rulings being made only on the errors enumerated by the wife, the only appellant. Ga. L. 1965, pp. 18, 29, 240, 243 (*Code Ann.* § 6-810). Since the judgment in favor of the husband for divorce was reversed by this court, the wife, in contesting the issues between herself and her husband, was vindicated by this court's decision. The judgment for attorney's fees, unappealed from, and unreversed, was a valid, subsisting judgment, and the trial judge in the contempt proceeding had no authority to declare that judgment void.

■ The grant of attorney's fees as a part of the expense of litigation in divorce and alimony actions may be enforced either by writ of fieri facias or by attachment for contempt against the husband. *Code* § 20-204; Ga. L. 1967, p. 591 (*Code Ann.* § 30-202.1). The liability of the husband for the attorney's fees awarded to the wife had accrued prior to her death, and the right to enforce such award survived her death and vested in her personal representative.

"An attachment for contempt for failure to pay an amount awarded as temporary alimony is in the nature of a civil proceeding; it is remedial, its purpose being merely to compel obedience to the order of the court requiring the payment of the amount allowed as temporary alimony. *Davis v. Davis*, 138 Ga. 8 (74 SE 830)." *Beavers v. Beavers*, 148 Ga. 506 (97 SE 65). We are of the opinion that the administrator of the wife's

estate would have standing to use this remedial proceeding of attachment for contempt against the husband for failure to obey the order of the court.

■ After the decision of this court in *Vaughan v. Vaughan*, 223 Ga. 298, supra, the husband brought a new action for divorce against his wife on grounds alleged to have accrued since the former action. This action was not contested by the wife, and resulted in a judgment for divorce in favor of the husband. Since the judgment for attorney's fees in the former action was a subsisting judgment at the time the second divorce action was filed, the question of attorney's fees in the former action was not a matter which "might have been put in issue" (*Code* § 110-501) in the second divorce action of the husband, and the judgment in the latter case was not res judicata as to the attorney's fees sought to be collected in the present contempt proceeding.

It was therefore error for the trial judge to sustain the motion to dismiss the contempt proceeding and the plea of res judicata, and to declare the judgment for attorney's fees to be void.

*Judgment reversed. All the Justices concur.*